# Exhibit 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rio Tinto plc,<br><br>Plaintiff,<br><br>v.<br><br>Vale S.A., Benjamin Steinmetz, BSG Resources Limited, VBG-Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR, Frederic Cilins, Mamadie Touré, and Mahmoud Thiam,<br><br>Defendants. | Civil Action No. 14-cv-3042 (RMB)<br><br>**PLAINTIFF'S SECOND SET OF DOCUMENT REQUESTS TO VALE S.A.** |

Pursuant to Federal Rule of Civil Procedure 34(b), Plaintiff Rio Tinto plc demands that Defendant Vale S.A. produce the following articles, documents, or things for inspection and copying on or before February 28, 2015 at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 777 6th Street NW, 11th Floor, Washington, D.C. 20001, United States. The documents requested for discovery and inspection are to be produced according to the definitions and instructions herein.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. "Any," "any," and "each" shall be construed as encompassing any and all.

2. "BSGR" includes BSG Resources Limited, BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSGR Guinea Ltd., BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL, and any officer, director, employee, partner, corporate parent, subsidiary, agent, representative, consultant, affiliate or advisor of any of the foregoing.

1

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. "Concerning" means relating to, referring to, describing, evincing, or constituting.

5. "Concession" refers to the mining concession awarded to Rio Tinto in Decree No. 2006/041/PRG/SGG on March 30, 2006 by the Government of Guinea, and includes what is known as Blocks 1, 2, 3 and/or 4.

6. "CTRTCM" refers to Comité Technique de Revue des Titres et Conventions Miniers, the Technical Committee of the Government of Guinea in charge of reviewing mining titles and contracts in Guinea.

7. "Defendant" includes Vale S.A., Benjamin Steinmetz, BSG Resources Limited, VBG-Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR, Frederic Cilins, Mamadie Touré, and Mahmoud Thiam, and unnamed co-conspirators Michael Noy and Avraham Lev Ran.

8. "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

9. "Including" means "including but not limited to" and "including without limitation."

10. "Lawsuit" means the litigation referred to in the above caption, Civil Action No. 14-cv-3042 (RMB) in the United States District Court for the Southern District of New York.

11. "Onyx Financial Advisors" refers to Onyx Financial Advisors UK Limited and its officers, directors, employees, partners, corporate parent, subsidiaries, agent, representative, consultant, or affiliates.

12. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13. "Relating to" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

14. "Rio Tinto" includes Plaintiff Rio Tinto plc and Simfer S.A., as well as any officer, director, employee, partner, corporate parent, subsidiary, or subsidiary, or affiliate of any of the foregoing.

15. "Rio Tinto Data Room" refers to the controlled-access computer database established in November 2008 to facilitate Vale's due diligence process in connection with a potential joint venture, partnership, investment agreement, or other arrangement with Rio Tinto regarding Simandou or a potential acquisition of some or all of Rio Tinto's Concession.  "Data Room Materials" includes every Document that could be accessed in the Rio Tinto Data Room.

16. "Simandou" refers to the Simandou Range in the Nzérékoré Region of southeastern Guinea, and includes the Concession.

17. "Steinmetz" refers to Defendant Benjamin "Beny" Steinmetz and any employee, agent, representative, or consultant of Defendant Benjamin "Beny" Steinmetz.

18. "Vale" includes Defendant Vale S.A. and its officers, directors, employees, partners, corporate parent, subsidiaries, agents, representatives, consultants, or affiliates.

19. "Vale-BSGR Transaction" refers to the transaction announced on April 30, 2010 whereby Vale acquired a stake to develop Blocks 1 and 2 of Simandou.

20. "VBG" refers to Defendants Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea, and BSGR Guinea Ltd. BVI, and any officer, director, employee, partner, corporate parent, subsidiary, agent, representative, consultant or affiliate of any of the foregoing.

21. "You" and "Your" includes Vale S.A. and its officers, directors, employees, partners, corporate parent, subsidiaries, agents, representatives, consultants or affiliates.

22. "Zogota Project" refers to the four exploration permits awarded to BSGR covering a total surface area of 2,047 square kilometers in the Beyla, Macenta, N'Zérékoré and Yomou prefectures, registered on the Guinean Register of Mining Titles under No. A2006/023/DIGM/CPDM under Ministerial Order No. A2006/706/MMG/SGG of February 6, 2006, and the base agreement dated December 16, 2009 granted on the "Zogota" zone, covering a total surface area of 1,024 square kilometers in the Beyla, Macenta, N'Zérékoré and Yomou prefectures, registered on the Guinean Register of Mining Titles under No. A 2010/171/DIGM/CPDM under the March 19, 2010 Presidential Decree No. D2010/024/PRG/CNDD/SGG.

## **INSTRUCTIONS**

1. Unless otherwise indicated, the documents requested in this Notice include all documents in Your possession, custody, or control. Without limiting the meaning of the terms "possession, custody, or control" as used in the preceding sentence, a document is in Your possession, custody, or control if You have actual possession or custody of the document, or the right to obtain the document or a copy thereof upon demand from one or more of Your employees, representatives, agents, independent contractors, consultants, attorneys, accountants, auditors, or any other person or public or private entity that has actual physical possession.

2. Unless otherwise stated in a specific request, these requests seek responsive information and documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, relating to, or in effect during the period January 1, 2005 to the present.

3. If you object to any of these document requests, state in writing with specificity the grounds of your objection. Any such objection must comply with Fed. R. Civ. P. 34. If you object to a particular portion of any document request, you shall respond to any other portions of such document request as to which there is no objection and state with specificity the grounds of the objection.

4. If you withhold any Communication, Document or part thereof that is responsive to any of these document requests on grounds of attorney-client privilege, attorney work-product doctrine or any other privilege, doctrine or basis whatsoever, state in writing with specificity:

    a.    the date of the Document or Communication;

    b.    the type, title and subject matter of the Document or Communication sufficient to assess whether the assertion of privilege is valid;

    c.    the name of the Person or Persons who prepared or signed the Document or engaged in the Communication;

    d.    the names and positions of any recipients of the Document or Communication;

    e.    each Person now in possession of the original or a copy of the Document or Communication;

    f.    the particular privilege, doctrine, or other basis for withholding the Document or Communication; and

    g.    the grounds for applying such privilege, doctrine or other basis to the Document or Communication withheld.

5. With respect to the documents produced, You shall produce them as they are kept in the usual course of business.

6. Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact, or pursuant to an agreement with Rio Tinto on the form of production of ESI.

7. Documents shall be produced on a rolling basis as they become available.

8. Selection of documents from files and other sources, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

9. File folders with tabs or labels, or directories of files identifying documents, must be produced intact with such documents.

10. Pursuant to Fed. R. Civ. P. 34, you must produce entire documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents. In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

11. A document with handwritten, typewritten or other recorded notes, editing marks, or other revisions is not and shall not be deemed to be identical to one without such modifications, additions, or deletions. The term "original" includes the file copy or copies of any document if there is no actual original.

12. The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

13. If you cannot respond fully to a document request after exercising due diligence to secure the information requested, or do not have information responsive to any part of a document request, you must so state and describe in full your efforts to obtain the information requested, and respond to the document request to the fullest extent possible. If a qualified response to a document request must be given, you shall respond to the document request as directly and fully as possible and state fully the reason that such qualification is necessary.

14. If Your response to a particular request is a statement that You lack the ability to comply with that request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

15. If the identity of documents responding to a document request is not known, then that lack of knowledge must be specifically indicated in the response. If any information

requested is not in your possession, but is known or believed to be in the possession of another Person, then identify that Person and state the basis of your belief or knowledge that the requested information is in such Person's possession.

16.     These document requests shall be deemed continuing, so as to require further and supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. All responses to the document requests shall comply fully in all respects with the requirements of the Federal Rules of Civil Procedure.

<b><u>REQUESTS FOR PRODUCTION</u></b>

**<u>REQUEST NO. 51.</u>**

All Documents and Communications concerning any meetings, discussions, negotiations, or other contact with Guinean officials regarding Simandou between January 1, 2008 and April 30, 2010, including any solicitation of a declaration, official statement, or other confirmation from those officials or the Government of Guinea, including any employee, agent, representative, or consultant of the Government of Guinea, that Steinmetz, and/or BSGR was not under investigation for any wrongdoing with respect to its operations in or purported rights to assets in Guinea.

**<u>REQUEST NO. 52.</u>**

All Documents and Communications provided to BSGR, Steinmetz, or the Government of Guinea, regarding Vale's ability to develop Simandou between January 1, 2005 and April 30, 2010.

**<u>REQUEST NO. 53.</u>**

All Documents and Communications concerning the November 2010 Guinean presidential election, including but not limited to external and internal discussions about the

candidates, whether one candidate posed a risk to Vale's interests in Simandou, and whether to support or oppose a candidate.

**REQUEST NO. 54.**

All Documents and Communications concerning Vale's knowledge of, awareness of, or reaction to any Simandou-related agreements between BSGR and Mamadie Touré, VBG and Mamadie Touré, or Pentler Holdings and Mamadie Touré, including any discussion of Mamadie Touré's and/or Pentler Holding's purported financial interest in Simandou or her right to proceeds from the development of Simandou.

**REQUEST NO. 55.**

All Documents and Communications concerning any payment to Mahmoud Thiam by VBG or any agreement between Mahmoud Thiam and VBG regarding Simandou between April 30, 2010 and April 30, 2014.

**REQUEST NO. 56.**

All Documents and Communications concerning Roger Agnelli's meeting with Alpha Condé and Luiz Inácio Lula da Silva in February 2011.

**REQUEST NO. 57.**

All Documents and Communications regarding the departures of (a) Fabio Spina, (b) Eduardo Ledsham, (c) Ivo Fouto, and (d) Aristides Corbellini from Vale to the extent they relate to or reference Simandou.

**REQUEST NO. 58.**

All Documents and Communications concerning assurances given to Vale from the Government of Guinea – including its departments, agencies or instrumentalities or any official,

director, employee, agent, or representative of the same – regarding the transport of iron ore extracted from Simandou to a port in Liberia.

**REQUEST NO. 59.**

All Documents and Communications concerning assurances given to Vale from Steinmetz or BSGR regarding the position of the Government of Guinea, its departments, agencies, or instrumentalities regarding transport of iron ore extracted from Simandou to a port in Liberia.

**REQUEST NO. 60.**

All Documents and Communications concerning Vale's agreement upon execution of the Vale-BSGR Transaction not to bring suit against BSGR and/or Steinmetz regarding Simandou, including the views, opinions, analyses, or reactions to the agreement of Ricardo Flores and/or any senior Vale management who succeeded Roger Agnelli.

**REQUEST NO. 61.**

All Documents and Communications regarding discussions and/or meetings between BSGR and Vale about whether private expenses incurred by Steinmetz not be included with VBG operational costs.

**REQUEST NO. 62.**

All Documents and Communications relating to internal discussions about the legality, legitimacy, wisdom, or propriety of Vale's joint venture with BSGR, including Vale's decision to conduct an audit of the negotiation and execution of the agreement with BSGR after Ricardo Flores became chairman of Vale's board of directors.

**REQUEST NO. 63.**

All Documents and Communications concerning Murilo Ferreira's visit to Guinea in May 2011 and meeting with President Alpha Condé, including the impetus for and purpose of the trip and the topics discussed with President Condé.

**REQUEST NO. 64.**

All Documents and Communications concerning any meeting of Vale's board of directors in which board members discussed and/or conferred regarding BSGR, Vale's joint venture with BSGR, VBG, Simandou, or mining iron ore in Guinea, including but not limited to Dan Conrado's presentation to the Vale board of directors of his views on Vale's joint venture with BSGR, and all minutes, attendance records, presentations, board papers, slides and/or summaries of such meetings.

**REQUEST NO. 65.**

All Documents and Communications concerning Vale's decision to declare a material adverse change and/or *force majeure* with respect to its joint venture agreement with BSGR.

**REQUEST NO. 66.**

All Documents and Communications produced by Vale or received by Vale from other parties in connection with its Simandou arbitration in the London Court of International Arbitration.

**REQUEST NO. 67.**

All Communications concerning Simandou between any Vale officer, director, employee, agent, or representative and Ibrahima Kassory Fofana, and any Documents and Communications concerning such Communications.

| | | |
|---|---|---|
| Dated: | Washington, D.C.<br>January 29, 2015 | QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP |

                                                                                   <u>/s/ William A. Burck</u>
                                                                                   William A. Burck
                                                                                    Michael J. Lyle
                                                                                    Eric C. Lyttle
Stephen M. Hauss
777 6th Street, NW, 11th Floor
Washington, D.C. 20001
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
williamburck@quinnemanuel.com
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
stephenhauss@quinnemanuel.com

*Attorneys for Rio Tinto plc*