# Exhibit 26




**FRENCH REPUBLIC**

*Liberty*
*Equality*
*Brotherhood*

A public communication service dedicated to the legal field

**References**

**Court of Cassation**
**Criminal Division**
**Public Hearing, Wednesday, December 12, 2007**
**Appeal Number: 07-83228**
Published in the Criminal Bulletin

**Dismissal**

**Mr. Cotte, President of the Court**
Ms. Nocquet, Rapporteur
Mr. Boccon-Gibod, Advocate General
Counsellor(s) for SCP Piwnica and Molinié

**Full Text**

FRENCH REPUBLIC

ON BEHALF OF THE FRENCH PEOPLE

THE CRIMINAL DIVISION OF THE COURT OF CASSATION issued the following decree:

Ruling on the appeal by:

-X... Christopher,

against the decision of the Court of Appeal of Paris, 9th Chamber, dated March 28, 2007, which, in respect of his search for information of an economic, commercial, industrial, financial or technical nature towards the establishment of evidence in foreign proceedings was sentenced to a fine of 10,000 euros;

On the pleadings submitted;

The first ground of appeal, alleging an infringement of and false application of Chapter 2 of the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, and Articles 1134 of the Civil Code, 111-4 of the Penal Code, 1 bis of law No. 68-678 of July 26, 1968 amended by law No. 80-538 of July 16, 1980, 591 and 593 of the Code of Criminal Procedure, failure and contradictory grounds, lack of legal basis;

"in that the nullifying decision under appeal declared Christopher X... guilty of the crime defined in Article 1 bis of the law of July 26, 1968 as amended by the law of July 16, 1980;

"on the grounds that it follows from the letter sent on December 21, 2000 by Jean-Claude Y... to Christopher X..., in response to an interview earlier, this lawyer asked the interlocutor to provide him with information on how the decisions of the Board of Directors of MAAF had been taken at the time of the purchase of Executive Life, alleging that 'the members of the board of directors were not well informed ... that the issue was not discussed and that decisions were taken in the corridors'; and having 'preached falsehood to know the truth,' Christopher X... was told by Jean-Claude Y... that he had never 'taken a decision in the corridors in any of the board meetings at which he participated'; in his own way, he obtained, or at least sought to obtain, proof that the directors of MAAF had made their decisions with full knowledge of the facts; that contrary to his claims, Christopher X... did not merely approach, neutrally, persons whose testimony could later be sought through a procedure consistent with Chapter 2 of the Hague Convention, which allows for evidence by a diplomatic agent or an independent commissioner

appointed by the foreign jurisdiction, subject to agreement by the competent authority designated by the State of enforcement; he sought, although he was devoid of any warrant authorized under this Convention, information of an economic, commercial or financial nature in order to gather evidence, since this was likely to justify the appointment of Jean-Claude Y... as witness in the proceedings pending before the California court and direct questioning later, that the infringement of Article 1 bis of law No 68-678 of July 26, 1968, as amended by law No. 80-538 of July 16, 1980 is established;

"1°) while the provisions of Article 1 bis of law No 68-678 of July 26, 1968, as amended by law of July 16, 1980, are issued subject to treaties or international agreements which include the Convention Hague on March 18, 1970, which provides in Chapter 2 for the obtaining of evidence by a diplomatic agent or an independent commissioner appointed by the foreign jurisdiction; and that, as Christopher X... did in his pleadings that were filed correctly and on his own initiative, he neglected, by obtaining evidence under the provisions of this chapter, to abide by the requirements of the need for prior consent of any witnesses as provided under Article 17 of the Convention, the Commissioner has no power to carry out acts of investigation, and that it is such a prior agreement that he had therefore sought to collect from his partner, Jean-Claude Y...;

"2°) while the letter of December 21, 2000 sent by Jean-Claude Y... to Christopher X... is in the record of the proceedings, the Court of Cassation is able to ensure that it does not follow from his words that Christopher X... has committed, in the words of the Court of Appeal, 'a misuse of the search for evidence' that may constitute an infringement of Article 1 bis of the law of July 26, 1968, but, being charged with the interests of the State of California in the Executive Life case, he merely approached people whose testimony might be sought later on in the proceedings in accordance with the provisions of Chapter 2 of the Hague Convention, and in distorting the plain language of the letter before it, the appellate court reached a decision that consisted of contradictory grounds, which should be quashed;

"3°) while obtaining evidence without being solicited is not an offence under the provisions of Article 1 bis of the law of July 26, 1968, while the terms of the same letter show that the 'information' according to which Jean-Claude Y... would 'never have decided in the corridors of any of the boards to which he participated" is not the result of a solicitation by Christopher X... but a spontaneous statement by his interlocutor, and as such, is not punishable;

"4°) while it is also the result of the particulars of the letter sent on December 21, 2000 by Jean-Claude Y... to Christopher X... that Christopher X...'s 'approach' was 'based on finding the truth', thus excluding that he sought to 'steer the possible subsequent testimony' of his contact as stated by the Court of Appeal in its grounds, are once again full of contradictions";

The second ground of appeal, alleging infringement and false application of Articles 1 bis of law No. 68-678 of July 26, 1968 as amended by law No. 80-538 of July 16, 1980, 591 and 593 of the Code of Criminal Procedure, faulty argument, lack of legal basis;

"in that the nullifying decision under appeal declared Christopher X... guilty of the offence defined in Article 1 bis of the law of July 26, 1968 as amended by the law of July 16, 1980;

"on the grounds that it follows from the letter sent on December 21, 2000 by Jean-Claude Y... to Christopher X... in response to an interview earlier that this lawyer asked his interlocutor to provide information on how decisions of the Board of Directors of MAAF had been taken at the time of the Executive Life purchase, alleging that 'members of the board of directors were not well informed ... that the issue was not discussed and that decisions were taken in the corridors', and having 'preached falsehood for truth,' Christopher X... was told by Jean-Claude Y... 'that he had never taken any decisions in the corridors at any of the board meetings to which he participated', and that he obtained that way, or at least sought to obtain, proof that the directors of MAAF had made their decisions with full knowledge of the facts;

"while, as had been effectively stated by the first judges, the mere hint that the decisions of a board of directors would be or would not be taken 'in the corridors' is not information of an economic, commercial, industrial, financial or technical nature that falls under Article 1 bis of the law of July 26, 1968";

The third ground of appeal, alleging violation of Articles 6 and 7 of the European Convention on Human Rights, 1 bis of law No. 68-678 of July 26, 1968 as amended by law No. 80-538 July 16, 1980, 591 and 593 of the Code of Criminal Procedure, faulty argument, lack of legal basis;

"in that the nullifying decision under appeal declared Christopher X... guilty of the crime defined in Article 1 bis of the law of July 26, 1968 as amended by law of July 16, 1980;

"on the grounds that, contrary to what Christopher X... alleges ... this incrimination, which is intended to limit the abuse that can be committed while seeking evidence, does not constitute 'a disproportionate obstacle to the rights of defense'; and that the exercise of these rights is ensured by the guarantees attached to the procedures established by the Hague Convention;

"1°) while seeking evidence, even if proven, of information of an economic, commercial, industrial, financial or technical nature as carried out here without constrains cannot be considered an abuse;

"2) while the right to fair trial cannot be restricted by States (except as regards the public nature of the hearing) implies a free and unimpeded search for evidence, and while Article 1 bis of the law of July 26, 1968, as it is interpreted as impeding the exercise of that right, is incompatible with the provisions of Articles 6 and 7 of the European Convention of Human Rights";

The fourth ground of appeal, alleging infringement of Article 10 of the European Convention on Human Rights, 1 bis of law No. 68-678 of July 26, 1968 as amended by law No. 80-538 of July 16, 1980, 591 and 593 of the Code of Criminal Procedure, faulty argument, lack of legal basis;

"in that the nullifying decision under appeal declared Christopher X... guilty of the crime defined in Article 1 bis of the law of July 26, 1968 as amended by law of July 16, 1980;

"1°) while the provisions of Article 1 bis of law No 68-678 of July 26, 1968 are issued subject to treaties or international agreements, which include the European Convention on Human Rights; while that convention specifies in Article 10 that the right to freedom of expression for everyone includes the freedom to receive and impart information without interference by public authorities and regardless of borders, and while criminally punishing a lawyer who merely reported, during a telephone conversation with the former leader of a mutual insurance company, that 'the members of the board (of MAAF) had not been well informed, that the issue was not discussed and that decisions were made in the corridors' represents an obstacle to freedom of expression and therefore a violation of Article 10 above;

"2°) while the barrier to freedom of expression is not justified under Article 10-2 of the Convention since the general and absolute prohibition to disclose any 'information'—even if it is trivial—'of an economic, commercial, industrial, financial or technical nature towards obtaining evidence for judicial or administrative proceedings in foreign judicial or administrative proceedings or part thereof' constitutes an unnecessary and therefore disproportionate measure in a democratic society, even if it aims to protect the rights and reputation of others and to maintain the authority and impartiality of the judiciary";

Whereas the pleas are met;

It is clear from the decision under appeal and pleadings that the Federal Court in California, hearing a dispute concerning the conditions of the purchase of Executive Life, the North American life insurance company and opposing the commissioner of insurance of that State to the *Mutuelle d'Assurance Artisanale de France* (MAAF), has issued, particularly in April and December 2000, international civil rogatory commissions for disclosure, by that company, of documents relating to the dispute as defined by the Hague Convention of March 18, 1970; that at the end of 2000, Christopher X..., the corresponding lawyer in France for the North American lawyer of the insurance commissioner, contacted Jean-Claude Y..., a former director of MAAF, for information on the conditions under which the decisions of the board of directors of the corporation were made at the time of the Executive Life purchase, alleging that 'the Members of the Board were not well informed ... that the issue was not discussed and that decisions were made in the corridors'; that, after a judicial inquiry for information initiated with the filing of a civil action by MAAF, Christopher X... was brought before the court for requesting or seeking information of an economic, commercial, industrial, financial or technical nature towards the establishment of evidence for foreign judicial or administrative proceedings, those facts being defined and penalized by Articles 1 bis and 3 of the law of July 26, 1968, as amended;

Whereas, to declare the accused guilty of the offense, the decision states that he did not only approach, neutrally, persons whose testimony might later be sought in accordance with the provisions of the Hague Convention, but he obtained, or at least sought to obtain, proof that MAAF directors had made their decision in full knowledge of the facts; whereas the judges added that, in doing so, Christopher X... sought, devoid of any warrant authorized under the terms of the above agreement, information of an economic, commercial and financial nature for the purpose of the provision of evidence that could justify the designation of the person approached as a witness in the proceedings before the Californian court and influence the questioning of that witness later on; whereas they note that, lastly, contrary to the defendant's contention, the incrimination, that aims to limit abuses that can be committed while seeking evidence, does not constitute a disproportionate obstacle to the defense of rights, whose exercise is ensured by the guarantees attached to the procedures established by the Hague Convention;

Considering that the state of these particulars, from which it follows that the information sought on the circumstances by which the Board of Directors of MAAF made its decisions on the acquisition of Executive Life are of an economic, financial or commercial nature and tends to be considered as an attempt to gather evidence in foreign judicial proceedings, the Court of Appeal, which responded to the arguments in the pleadings, justified its decision without violating the text of the invoked treaty;

Hence it follows that the appeal must be dismissed;

And whereas the decision that is challenged is properly drawn up;

DISMISSES the appeal;

So ordered and decided by the Court of Cassation, Criminal Division, in its public hearing, day, month and year indicated above;

Were present for discussion and deliberation: Mr. Cotte President, Ms. Nocquet Advisor rapporteur, Mr. Dulin, Mrs. Thin, Desgrange, Mr. Rognon, Ms. Ract-Madoux, Mr. Bayet advisors of the Chamber, Mr. Soulard, Mrs. Slove, Degorce, Labrousse, counsellors;

Advocate General: Mr. Boccon-Gibod;

Clerk: Mrs. Randouin;

In witness whereof, this ruling was signed by the President, the rapporteur and the Clerk of the Chamber;

**Analysis**

**Publication:** Criminal Bulletin 2007, No. 309

**Contested Decision:** Paris Court of Appeal, March 28, 2007

**Titles and Summaries:** ECONOMIC OR TECHNICAL DOCUMENTS AND INFORMATION - Communication to foreign natural persons or legal entities - Communication for the gathering of evidence intended for foreign proceedings - Authorization - Mandate provided for in the Hague Convention of March 18, 1970 - Default - Scope

Any steps taken by any person who is the correspondent in France of the lawyer of one of the parties to the proceedings in order to know the circumstances in which the board of directors of a French company made the decision to acquire a foreign company constitute, within the meaning of Article 1 bis of the law of July 26, 1968, as amended, seeking information of an economic, commercial, industrial, financial or technical nature to gather evidence for foreign proceedings. Consequently, any person who engages in such steps without an authorized mandate provided for by the Hague Convention of March 18, 1970 commits such an offense, which is punishable by Article 3 of the aforementioned law.

# LIONBRIDGE

|  |  |  |
|---|---|---|
| STATE OF NEW YORK | ) | |
|  | ) ) | ss |
| COUNTY OF NEW YORK | ) | |

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from French into English of the attached ruling of the Court of Cassation in Appeal Number 07-83228.

Ethan Ly, Managing Editor
Lionbridge

Sworn to and subscribed before me

this 25th day of June, 20 20.

LAURA E MUSICH
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MU6386791
Qualified in Queens County
My Commission Expires 01-28-2023

259 W 30th Street, 11th Floor  New York, NY 10001  +1.212.631.7432

RÉPUBLIQUE FRANÇAISE
*Liberté*
*Égalité*
*Fraternité*

Légifrance
Le service public de la diffusion du droit

**Références**

**Cour de cassation
chambre criminelle
Audience publique du mercredi 12 décembre 2007
N° de pourvoi: 07-83228**
Publié au bulletin                                                                                                                   Rejet

**M. Cotte, président**
Mme Nocquet, conseiller rapporteur
M. Boccon-Gibod, avocat général
SCP Piwnica et Molinié, avocat(s)

**Texte intégral**

REPUBLIQUE FRANCAISE

AU NOM DU PEUPLE FRANCAIS

LA COUR DE CASSATION, CHAMBRE CRIMINELLE, a rendu l'arrêt suivant :
Statuant sur le pourvoi formé par :

-X... Christopher,

contre l'arrêt de la cour d'appel de PARIS, 9e chambre, en date du 28 mars 2007, qui, pour recherche de renseignements d'ordre économique, commercial, industriel, financier ou technique tendant à la constitution de preuves dans une procédure étrangère, l'a condamné à 10 000 euros d'amende ;

Vu le mémoire produit ;

Sur le premier moyen de cassation, pris de la violation et fausse application du chapitre 2 de la Convention de La Haye du 18 mars 1970 sur l'obtention des preuves à l'étranger en matière civile ou commerciale et des articles 1134 du code civil,111-4 du code pénal,1 bis de la loi n° 68-678 du 26 juillet 1968 modifiée par la loi n° 80-538 du 16 juillet 1980,591 et 593 du code de procédure pénale, défaut et contradiction de motifs, manque de base légale ;

" en ce que l'arrêt infirmatif attaqué a déclaré Christopher X... coupable du délit défini à l'article 1 bis de la loi du 26 juillet 1968 modifiée par la loi du 16 juillet 1980 ;

" aux motifs qu'il résulte du courrier adressé le 21 décembre 2000 par Jean-Claude Y... à Christopher X..., en réaction à un entretien antérieur, que cet avocat a sollicité son interlocuteur de lui fournir des indications sur la manière dont les décisions du conseil d'administration de la MAAF avaient été prises à l'époque du rachat d'Executive Life, alléguant que les membres du conseil d'administration n'avaient pas été bien informés … qu'il n'avait pas été débattu de la question et que les décisions auraient été prises dans les couloirs » ; qu'ayant ainsi prêché le faux pour savoir le vrai », Christopher X... s'est vu répondre par Jean-Claude Y... que celui-ci n'avait jamais pris de décision dans les couloirs dans tous les conseils d'administration auxquels il avai t participé » ; qu'il a, de cette manière, obtenu, ou en tout cas tenté d'obtenir, la preuve que les administrateurs de la MAAF avaient pris leurs décisions en pleine connaissance de cause ; que, contrairement à ce qu'il soutient, Christopher X... ne s'est donc pas contenté d'approcher, de manière neutre, des personnes dont le témoignage aurait pu être ultérieurement sollicité dans le cadre d'une procédure conforme aux dispositions du chapitre 2 de la Convention de La Haye, qui autorise la recherche de preuves par un agent diplomatique ou un commissaire indépendant

mandaté par la juridiction étrangère, sous réserve de l'accord de l'autorité compétente désignée par l'Etat de l'exécution ; qu'il a recherché, alors qu'il était dépourvu de tout mandat autorisé au sens de cette convention, des informations dont le caractère économique, commercial ou financier est avéré, et qui tendaient à la constitution de preuves, dès lors qu'elles étaient susceptibles de justifier la désignation de Jean-Claude Y... comme témoin à charge dans la procédure pendante devant la juridiction californienne et d'orienter son interrogatoire ultérieur ; que l'infraction à l'article 1er bis de la loi n° 68-678 du 26 juillet 1968, modifiée par la loi n° 80-538 du 16 juillet 1980 est établie ;

" 1°) alors que les dispositions de l'article 1er bis de la loi n° 68-678 du 26 juillet 1968 modifiée par la loi du 16 juillet 1980 sont édictées sous réserve des traités ou accords internationaux parmi lesquels figure la Convention de La Haye du 18 mars 1970, qui prévoit, en son chapitre 2, l'obtention de preuves par un agent diplomatique ou un commissaire indépendant mandaté par la juridiction étrangère ; que, comme le faisait Christopher X... dans ses conclusions régulièrement déposées et de ce chef délaissées, l'obtention de preuves en application des dispositions de ce chapitre nécessite l'accord préalable des éventuels témoins dès lors qu'aux termes de l'article 17 de la convention, le commissaire ne dispose d'aucun pouvoir de contrainte pour procéder à des actes d'instruction et que c'est un tel accord préalable qu'il avait donc cherché à recueillir auprès de son interlocuteur, Jean-Claude Y... ;

" 2°) alors que la lettre du 21 décembre 2000 adressée par Jean-Claude Y... à Christopher X... étant au dossier de la procédure, la Cour de cassation est en mesure de s'assurer qu'il ne résulte pas de ses termes que Christopher X... ait commis, selon l'expression de la cour d'appel, un abus dans la recherche des preuves » susceptible de caractériser l'infraction à l'article 1er bis de la loi du 26 juillet 1968 mais s'est, étant chargé des intérêts de l'Etat de Californie dans le dossier Executive Life, borné à approcher des personnes dont le témoignage pourrait être ultérieurement sollicité dans le cadre d'une procédure conforme aux dispositions du chapitre 2 de la Convention de La Haye et qu'en dénaturant les termes clairs de la lettre qui lui était soumise, la cour d'appel a de surcroît statué par une décision empreinte de contradiction de motifs, laquelle doit être censurée ;

" 3°) alors que l'obtention de preuves en-dehors de toute sollicitation n'est pas incriminée par l'article 1er bis de la loi du 26 juillet 1968 ; que les termes de la même lettre mettent en évidence que le renseignement » selon lequel Jean-Claude Y... n'aurait jamais pris la décision dans les couloirs de tous les conseils d'administration auxquels il a participé » ne résulte pas d'une sollicitation de Christopher X... mais d'une déclaration spontanée de son interlocuteur, en tant que telle, non punissable ;

" 4°) alors qu'il résulte enfin des énonciations de la lettre adressée le 21 décembre 2000 par Jean-Claude Y... à Christopher X... que la démarche » de Christopher X... était fondée sur la recherche de la vérité » excluant par conséquent que ce dernier ait cherché à orienter l'éventuel témoignage ultérieur » de son interlocuteur comme l'a énoncé la cour d'appel dans ses motifs une fois encore empreints de contradiction " ;

Sur le deuxième moyen de cassation, pris de la violation et fausse application des articles 1 bis de la loi n° 68-678 du 26 juillet 1968 modifiée par la loi n° 80-538 du 16 juillet 1980,591 et 593 du code de procédure pénale, défaut de motifs, manque de base légale ;

" en ce que l'arrêt infirmatif attaqué a déclaré Christopher X... coupable du défini à l'article 1 bis de la loi du 26 juillet 1968 modifiée par la loi du 16 juillet 1980 ;

" aux motifs qu'il résulte du courrier adressé le 21 décembre 2000 par Jean-Claude Y... à Christopher X..., en réaction à un entretien antérieur, que cet avocat a sollicité son interlocuteur de lui fournir des indications sur la manière dont les décisions du conseil d'administration de la MAAF avaient été prises à l'époque du rachat d'Executive Life, alléguant que les membres du conseil d'administration n'avaient pas été bien informés … qu'il n'avait pas été débattu de la question et que les décisions auraient été prises dans les couloirs » ; qu'ayant ainsi prêché le faux pour avoir le vrai », Christopher X... s'est vu répondre par Jean-Claude Y... que celui-ci n'avait jamais pris de décisions dans les couloirs dans tous les conseils d'administration auxquels il avait participé » ; qu'il a, de cette manière, obtenu, ou en tout cas tenté d'obtenir, la preuve que les administrateurs de la MAAF avaient pris leurs décisions en pleine connaissance de cause ;

" alors que, ainsi que l'avaient pertinemment énoncé les premiers juges, la simple allusion au fait que les décisions d'un conseil d'administration seraient ou non prises dans les couloirs » ne constitue pas un renseignement d'ordre économique, commercial, industriel, financier ou technique tombant sous le coup de l'article 1 bis de la loi du 26 juillet 1968 " ;

Sur le troisième moyen de cassation, pris de la violation des articles 6 et 7 de la Convention européenne des droits de l'homme,1 bis de la loi n° 68-678 du 26 juillet 1968 modifiée par la loi n° 80-538 du 16 juillet 1980,591 et 593 du code de procédure pénale, défaut de motifs, manque de base légale ;

" en ce que l'arrêt infirmatif attaqué a déclaré Christopher X... coupable du délit défini à l'article 1bis de la loi du 26 juillet 1968 modifiée par la loi du 16 juillet 1980 ;

" aux motifs que contrairement à ce que soutient Christopher X..., cette incrimination qui vise à limiter les abus pouvant être commis dans la recherche de la preuve, ne constitue pas une entrave disproportionnée aux droits de la défense » ; que l'exercice de ces droits est assuré par les garanties attachées aux procédures instaurées par la Convention de La Haye ;

" 1°) alors que ne saurait être considérée comme un abus dans la recherche des preuves », la sollicitation, à la supposer avérée, d'un renseignement d'ordre économique, commercial, industriel, financier ou technique opéré comme en l'espèce sans contrainte ;

" 2°) alors que le droit au procès équitable auquel les Etats ne sont autorisés à n'apporter aucune restriction (si ce n'est en ce qui concerne la publicité de l'audience) implique une recherche libre et sans entrave de la preuve et que l'article 1bis de la loi du 26 juillet 1968, en tant qu'il est interprété comme faisant obstacle à l'exercice de ce droit, est incompatible avec les dispositions des articles 6 et 7 de la Convention européenne des droits de l'homme " ;

Sur le quatrième moyen de cassation, pris de la violation des articles 10 de la Convention européenne des droits de l'homme,1 bis de la loi n° 68-678 du 26 juillet 1968 modifiée par la loi n° 80-538 du 16 juillet 1980,591 et 593 du code de procédure pénale, défaut de motifs, manque de base légale ;

" en ce que l'arrêt infirmatif attaqué a déclaré Christopher X... coupable du délit défini à l'article 1bis de la loi du 26 juillet 1968 modifiée par la loi du 16 juillet 1980 ;

" 1°) alors que les dispositions de l'article 1er bis de la loi n° 68-678 du 26 juillet 1968 sont édictées sous réserve des traités ou accords internationaux parmi lesquels figure la Convention européenne des droits de l'homme ; que cette convention précise en son article 10 que le droit de toute personne à la liberté d'expression comprend notamment la liberté de recevoir ou de communiquer des informations sans qu'il puisse y avoir ingérence d'autorités publiques et sans considération de frontière et que sanctionner pénalement les propos d'un avocat qui s'est borné à faire état au cours d'une conversation téléphonique adressée à l'ancien dirigeant d'une mutuelle de ce que les membres du conseil d'administration (de cette mutuelle) n'avaient pas été bien informés, qu'il n'avait pas été débattu de la question et que les décisions auraient été prises dans les couloirs » constitue une entrave à la liberté d'expression et par conséquent une violation de l'article 10 susvisé ;

" 2°) alors que cette entrave à la liberté d'expression n'est pas justifiée au sens de l'article 10-2 de la convention dès lors que l'interdiction générale et absolue de communiquer tout renseignement »-si anodin soit-il – d'ordre économique, commercial, industriel, financier ou technique tendant à la constitution de preuves en vue de procédures judiciaires ou administratives étrangères ou dans le cadre de celles-ci », constitue une mesure non nécessaire et par conséquent disproportionnée dans une société démocratique y compris pour protéger les droits et la réputation d'autrui et pour garantir l'autorité et l'impartialité du pouvoir judiciaire " ;

Les moyens étant réunis ;

Attendu qu'il résulte de l'arrêt attaqué et des pièces de procédure que le tribunal fédéral de Californie, saisi d'un litige portant sur les conditions de la reprise de la société d'assurance vie nord-américaine Executive Life et opposant le commissaire aux assurances de cet Etat à la société Mutuelle d'assurance artisanale de France (MAAF), a délivré, notamment en avril et décembre 2000, des commissions rogatoires civiles internationales tendant à la communication, par cette dernière société, de documents se rapportant au litige, selon les modalités définies par la Convention de La Haye du 18 mars 1970 ; que Chritopher X..., avocat correspondant en France de l'avocat nord-américain du commissaire aux assurances, a, à la fin de l'année 2000, contacté Jean-Claude Y..., ancien administrateur de la MAAF, pour obtenir desrenseignements sur les conditions dans lesquelles avaient été prises les décisions du conseil d'administration de cette société à l'époque du rachat d'Executive Life, alléguant que " les membres du conseil d'administration n'avaient pas été bien informés... qu'il n'avait pas été débattu de la question et que les décisions auraient été prises dans les couloirs " ; qu'au terme d'une information judiciaire, ouverte sur plainte avec constitution de partie civile de la MAAF, Christopher X... a été renvoyé devant le tribunal pour avoir demandé ou recherché des renseignements d'ordre économique, commercial, industriel, financier ou technique tendant à la constitution de preuves en vue de procédures judiciaires ou administratives étrangères, faits prévus et réprimés par les articles 1 bis et 3 de la loi du 26 juillet 1968, modifiée ;

Attendu que, pour déclarer le prévenu coupable de cette infraction, l'arrêt énonce que celui-ci ne s'est pas contenté d'approcher, de manière neutre, des personnes dont le témoignage aurait pu être ultérieurement sollicité conformément aux dispositions de la Convention de la Haye, mais a obtenu, ou, en tout cas tenté d'obtenir, la preuve que les administrateurs de la MAAF avaient pris leur décision en pleine connaissance de cause ; que les juges ajoutent qu'en agissant ainsi, Christopher X... a recherché, alors qu'il était dépourvu de tout mandat autorisé au sens de la convention précitée, des informations à caractère économique, commercial ou financier tendant à la constitution de preuves, susceptibles de justifier la désignation de la personne approchée comme témoin à charge dans la procédure suivie devant la juridiction californienne et d'orienter son interrogatoire ultérieur ; qu'ils relèvent, enfin, que, contrairement à ce que soutient le prévenu, l'incrimination, qui vise à limiter les abus pouvant être commis dans la recherche de la preuve, ne constitue pas une entrave disproportionnée aux droits de la défense, dont l'exercice est assuré par les garanties attachées aux procédures instaurées par la Convention de La Haye ;

Attendu qu'en l'état de ces énonciations, d'où il résulte que les renseignements recherchés sur les circonstances dans lesquelles le conseil d'administration de la MAAF a pris ses décisions sur le rachat de la société Executive Life sont d'ordre économique, financier ou commercial et tendent à la constitution de preuves dans une procédure judiciaire étrangère, la cour d'appel, qui a répondu aux arguments péremptoires des conclusions, a justifié sa décision, sans méconnaître les textes conventionnels invoqués ;

D'où il suit que les moyens doivent être écartés ;

Et attendu que l'arrêt est régulier en la forme ;

REJETTE le pourvoi ;

Ainsi jugé et prononcé par la Cour de cassation, chambre criminelle, en son audience publique, les jour, mois et an que dessus ;

Etaient présents aux débats et au délibéré : M. Cotte président, Mme Nocquet conseiller rapporteur, M. Dulin, Mmes Thin, Desgrange, M. Rognon, Mme Ract-Madoux, M. Bayet conseillers de la chambre, M. Soulard, Mmes Slove, Degorce, Labrousse conseillers référendaires ;

Avocat général : M. Boccon-Gibod ;

Greffier de chambre : Mme Randouin ;

En foi de quoi le présent arrêt a été signé par le président, le rapporteur et le greffier de chambre ;

## Analyse

**Publication :** Bulletin criminel 2007, N° 309

**Décision attaquée :** Cour d'appel de Paris , du 28 mars 2007

**Titrages et résumés :** DOCUMENTS ET RENSEIGNEMENTS D'ORDRE ECONOMIQUE OU TECHNIQUE - Communication à des personnes physiques ou morales étrangères - Communication tendant à la constitution de preuves pour une procédure étrangère - Autorisation - Mandat prévu par la Convention de La Haye du 18 mars 1970 - Défaut - Portée

Constituent, au sens de l'article 1 bis de la loi du 26 juillet 1968, modifiée, la recherche de renseignements d'ordre économique, commercial, industriel, financier ou technique tendant à la constitution de preuves en vue d'une procédure étrangère, les démarches effectuées par une personne, correspondante en France de l'avocat d'une des parties à ladite procédure, dans le but de connaître les circonstances dans lesquelles le conseil d'administration d'une société française a pris la décision d'acquérir une société étrangère. Dès lors, commet le délit réprimé par l'article 3 de la loi susvisée, la personne qui se livre à de telles démarches, sans disposer d'un mandat autorisé prévu par la Convention de La Haye du 18 mars 1970