# EXHIBIT 4

Case 1:20-mc-00212-AJN   Document 38-4   Filed 06/26/20   Page 1 of 14



# PART 31 - DISCLOSURE AND INSPECTION OF DOCUMENTS

Contents of this Part

| Title | Number |
|---|---|
| Scope of this Part | Rule 31.1 |
| Meaning of disclosure | Rule 31.2 |
| Right of inspection of a disclosed document | Rule 31.3 |
| Meaning of document | Rule 31.4 |
| Disclosure | Rule 31.5 |
| Standard disclosure – what documents are to be disclosed | Rule 31.6 |
| Duty of search | Rule 31.7 |
| Duty of disclosure limited to documents which are or have been in a party's control | Rule 31.8 |
| Disclosure of copies | Rule 31.9 |
| Procedure for standard disclosure | Rule 31.10 |
| Duty of disclosure continues during proceedings | Rule 31.11 |
| Specific disclosure or inspection | Rule 31.12 |
| Disclosure in stages | Rule 31.13 |
| Documents referred to in statements of case etc. | Rule 31.14 |
| Inspection and copying of documents | Rule 31.15 |
| Disclosure before proceedings start | Rule 31.16 |
| Orders for disclosure against a person not a party | Rule 31.17 |
| Rules not to limit other powers of the court to order disclosure | Rule 31.18 |

| Claim to withhold inspection or disclosure of a document | Rule 31.19 |
| --- | --- |
| Restriction on use of a privileged document inspection of which has been inadvertently allowed | Rule 31.20 |
| Consequence of failure to disclose documents or permit inspection | Rule 31.21 |
| Subsequent use of disclosed documents and completed Electronic Documents Questionnaires | Rule 31.22 |
| False disclosure statements | Rule 31.23 |

## Scope of this Part

**31.1**

(1) This Part sets out rules about the disclosure and inspection of documents.

(2) This Part applies to all claims except a claim on the small claims track.

Back to top

## Meaning of disclosure

**31.2**  A party discloses a document by stating that the document exists or has existed.

Back to top

## Right of inspection of a disclosed document

**31.3**

(1) A party to whom a document has been disclosed has a right to inspect that document except where –

(a) the document is no longer in the control of the party who disclosed it;

(b) the party disclosing the document has a right or a duty to withhold inspection of it;

(c) paragraph (2) applies; or

(d) rule 78.26 applies.

(Rule 31.8 sets out when a document is in the control of a party)

(Rule 31.19 sets out the procedure for claiming a right or duty to withhold inspection)

(Rule 78.26 contains rules in relation to the disclosure and inspection of evidence arising out of mediation of certain cross-border disputes.)

(2) Where a party considers that it would be disproportionate to the issues in the case to permit inspection of documents within a category or class of document disclosed under rule 31.6(b) –

(a) he is not required to permit inspection of documents within that category or class; but

(b) he must state in his disclosure statement that inspection of those documents will not be permitted on the grounds that to do so would be disproportionate.

(Rule 31.6 provides for standard disclosure)

(Rule 31.10 makes provision for a disclosure statement)

(Rule 31.12 provides for a party to apply for an order for specific inspection of documents)

Back to top

## Meaning of document

**31.4**  In this Part –

'document' means anything in which information of any description is recorded; and

'copy', in relation to a document, means anything onto which information recorded in the document has been copied, by whatever means and whether directly or indirectly.

Back to top

## Disclosure

**31.5**

(1) In all claims to which rule 31.5(2) does not apply –

(a) an order to give disclosure is an order to give standard disclosure unless the court directs otherwise;

(b) the court may dispense with or limit standard disclosure; and

(c) the parties may agree in writing to dispense with or to limit standard disclosure.

(2) Unless the court otherwise orders, paragraphs (3) to (8) apply to all multi-track claims, other than those which include a claim for personal injuries.

(3) Not less than 14 days before the first case management conference each party must file and serve a report verified by a statement of truth, which –

(a) describes briefly what documents exist or may exist that are or may be relevant to the matters in issue in the case;

(b) describes where and with whom those documents are or may be located;

(c) in the case of electronic documents, describes how those documents are stored;

(d) estimates the broad range of costs that could be involved in giving standard disclosure in the case, including the costs of searching for and disclosing any electronically stored documents; and

(e) states which of the directions under paragraphs (7) or (8) are to be sought.

(4) In cases where the Electronic Documents Questionnaire has been exchanged, the Questionnaire should be filed with the report required by paragraph (3).

(5) Not less than seven days before the first case management conference, and on any other occasion as the court may direct, the parties must, at a meeting or by telephone, discuss and seek to agree a proposal in relation to disclosure that meets the overriding objective.

(6) If –

(a) the parties agree proposals for the scope of disclosure; and

(b) the court considers that the proposals are appropriate in all the circumstances,

the court may approve them without a hearing and give directions in the terms proposed.

(7) At the first or any subsequent case management conference, the court will decide, having regard to the overriding objective and the need to limit disclosure to that which is necessary to deal with the case justly, which of the following orders to make in relation to disclosure –

(a) an order dispensing with disclosure;

(b) an order that a party disclose the documents on which it relies, and at the same time request any specific disclosure it requires from any other party;

(c) an order that directs, where practicable, the disclosure to be given by each party on an issue by issue basis;

(d) an order that each party disclose any documents which it is reasonable to suppose may contain information which enables that party to advance its own case or to damage that of any other party, or which leads to an enquiry which has either of those consequences;

(e) an order that a party give standard disclosure;

(f) any other order in relation to disclosure that the court considers appropriate.

(8) The court may at any point give directions as to how disclosure is to be given, and in particular –

(a) what searches are to be undertaken, of where, for what, in respect of which time periods and by whom and the extent of any search for electronically stored documents;

(b) whether lists of documents are required;

(c) how and when the disclosure statement is to be given;

(d) in what format documents are to be disclosed (and whether any identification is required);

(e) what is required in relation to documents that once existed but no longer exist; and

(f) whether disclosure shall take place in stages.

(9) To the extent that the documents to be disclosed are electronic, the provisions of Practice Direction 31B – Disclosure of Electronic Documents will apply in addition to paragraphs (3) to (8).

Back to top

## Standard disclosure – what documents are to be disclosed

**31.6**  Standard disclosure requires a party to disclose only–

(a) the documents on which he relies; and

(b) the documents which –

(i) adversely affect his own case;

(ii) adversely affect another party's case; or

(iii) support another party's case; and

(c) the documents which he is required to disclose by a relevant practice direction.

Back to top

## Duty of search

**31.7**

(1) When giving standard disclosure, a party is required to make a reasonable search for documents falling within rule 31.6(b) or (c).

(2) The factors relevant in deciding the reasonableness of a search include the following –

(a) the number of documents involved;

(b) the nature and complexity of the proceedings;

(c) the ease and expense of retrieval of any particular document; and

(d) the significance of any document which is likely to be located during the search.

(3) Where a party has not searched for a category or class of document on the grounds that to do so would be

unreasonable, he must state this in his disclosure statement and identify the category or class of document.

(Rule 31.10 makes provision for a disclosure statement)

Back to top

## Duty of disclosure limited to documents which are or have been in a party's control

**31.8**

(1) A party's duty to disclose documents is limited to documents which are or have been in his control.

(2) For this purpose a party has or has had a document in his control if –

(a) it is or was in his physical possession;

(b) he has or has had a right to possession of it; or

(c) he has or has had a right to inspect or take copies of it.

Back to top

## Disclosure of copies

**31.9**

(1) A party need not disclose more than one copy of a document.

(2) A copy of a document that contains a modification, obliteration or other marking or feature –

(a) on which a party intends to rely; or

(b) which adversely affects his own case or another party's case or supports another party's case;

shall be treated as a separate document.

(Rule 31.4 sets out the meaning of a copy of a document)

Back to top

## Procedure for standard disclosure

**31.10**

(1) The procedure for standard disclosure is as follows.

(2) Each party must make and serve on every other party, a list of documents in the relevant practice form.

(3) The list must identify the documents in a convenient order and manner and as concisely as possible.

(4) The list must indicate –

(a) those documents in respect of which the party claims a right or duty to withhold inspection; and

(b)

(i) those documents which are no longer in the party's control; and

(ii) what has happened to those documents.

(Rule 31.19 (3) and (4) require a statement in the list of documents relating to any documents inspection of which a person claims he has a right or duty to withhold)

(5) The list must include a disclosure statement.

(6) A disclosure statement is a statement made by the party disclosing the documents –

(a) setting out the extent of the search that has been made to locate documents which he is required to disclose;

(b) certifying that he understands the duty to disclose documents; and

(c) certifying that to the best of his knowledge he has carried out that duty.

(7) Where the party making the disclosure statement is a company, firm, association or other organisation, the statement must also–

(a) identify the person making the statement; and

(b) explain why he is considered an appropriate person to make the statement.

(8) The parties may agree in writing –

(a) to disclose documents without making a list; and

(b) to disclose documents without the disclosing party making a disclosure statement.

(9) A disclosure statement may be made by a person who is not a party where this is permitted by a relevant practice direction.

Back to top

## Duty of disclosure continues during proceedings

**31.11**

(1) Any duty of disclosure continues until the proceedings are concluded.

(2) If documents to which that duty extends come to a party's notice at any time during the proceedings, he must immediately notify every other party.

Back to top

## Specific disclosure or inspection

**31.12**

(1) The court may make an order for specific disclosure or specific inspection.

(2) An order for specific disclosure is an order that a party must do one or more of the following things –

(a) disclose documents or classes of documents specified in the order;

(b) carry out a search to the extent stated in the order;

(c) disclose any documents located as a result of that search.

(3) An order for specific inspection is an order that a party permit inspection of a document referred to in rule 31.3(2).

(Rule 31.3(2) allows a party to state in his disclosure statement that he will not permit inspection of a document on the grounds that it would be disproportionate to do so)

(Rule 78.26 contains rules in relation to the disclosure and inspection of evidence arising out of mediation of certain cross-border disputes.)

Back to top

## Disclosure in stages

**31.13**  The parties may agree in writing, or the court may direct, that disclosure or inspection or both shall take place in stages.

Back to top

## Documents referred to in statements of case etc.

**31.14**

(1) A party may inspect a document mentioned in –

(a) a statement of case;

(b) a witness statement;

(c) a witness summary; or

(d) an affidavit$^{(GL)}$.

(e) Revoked.

(2) Subject to rule 35.10(4), a party may apply for an order for inspection of any document mentioned in an expert's report

which has not already been disclosed in the proceedings.

(Rule 35.10(4) makes provision in relation to instructions referred to in an expert's report)

Back to top

## Inspection and copying of documents

**31.15**  Where a party has a right to inspect a document–

(a) that party must give the party who disclosed the document written notice of his wish to inspect it;

(b) the party who disclosed the document must permit inspection not more than 7 days after the date on which he received the notice; and

(c) that party may request a copy of the document and, if he also undertakes to pay reasonable copying costs, the party who disclosed the document must supply him with a copy not more than 7 days after the date on which he received the request.

(Rule 31.3 and 31.14 deal with the right of a party to inspect a document)

Back to top

## Disclosure before proceedings start

**31.16**

(1) This rule applies where an application is made to the court under any Act for disclosure before proceedings have started[1].

(2) The application must be supported by evidence.

(3) The court may make an order under this rule only where–

(a) the respondent is likely to be a party to subsequent proceedings;

(b) the applicant is also likely to be a party to those proceedings;

(c) if proceedings had started, the respondent's duty by way of standard disclosure, set out in rule 31.6, would extend to the documents or classes of documents of which the applicant seeks disclosure; and

(d) disclosure before proceedings have started is desirable in order to –

(i) dispose fairly of the anticipated proceedings;

(ii) assist the dispute to be resolved without proceedings; or

(iii) save costs.

(4) An order under this rule must –

(a) specify the documents or the classes of documents which the respondent must disclose; and

(b) require him, when making disclosure, to specify any of those documents –

(i) which are no longer in his control; or

(ii) in respect of which he claims a right or duty to withhold inspection.

(5) Such an order may –

(a) require the respondent to indicate what has happened to any documents which are no longer in his control; and

(b) specify the time and place for disclosure and inspection.

(Rule 78.26 contains rules in relation to the disclosure and inspection of evidence arising out of mediation of certain cross-border disputes.)

Back to top

## Orders for disclosure against a person not a party

**31.17**

(1) This rule applies where an application is made to the court under any Act for disclosure by a person who is not a party to the proceedings[2].

(2) The application must be supported by evidence.

(3) The court may make an order under this rule only where–

(a) the documents of which disclosure is sought are likely to support the case of the applicant or adversely affect the case of one of the other parties to the proceedings; and

(b) disclosure is necessary in order to dispose fairly of the claim or to save costs.

(4) An order under this rule must –

(a) specify the documents or the classes of documents which the respondent must disclose; and

(b) require the respondent, when making disclosure, to specify any of those documents –

(i) which are no longer in his control; or

(ii) in respect of which he claims a right or duty to withhold inspection.

(5) Such an order may –

(a) require the respondent to indicate what has happened to any documents which are no longer in his control; and

(b) specify the time and place for disclosure and inspection.

Rule 78.26 contains rules in relation to the disclosure and inspection of evidence arising out of mediation of certain cross-border disputes.)

Back to top

## Rules not to limit other powers of the court to order disclosure

**31.18**  Rules 31.16 and 31.17 do not limit any other power which the court may have to order –

(a) disclosure before proceedings have started; and

(b) disclosure against a person who is not a party to proceedings.

Back to top

## Claim to withhold inspection or disclosure of a document

**31.19**

(1) A person may apply, without notice, for an order permitting him to withhold disclosure of a document on the ground that disclosure would damage the public interest.

(2) Unless the court orders otherwise, an order of the court under paragraph (1) –

(a) must not be served on any other person; and

(b) must not be open to inspection by any person.

(3) A person who wishes to claim that he has a right or a duty to withhold inspection of a document, or part of a document, must state in writing –

(a) that he has such a right or duty; and

(b) the grounds on which he claims that right or duty.

(4) The statement referred to in paragraph (3) must be made–

(a) in the list in which the document is disclosed; or

(b) if there is no list, to the person wishing to inspect the document.

(5) A party may apply to the court to decide whether a claim made under paragraph (3) should be upheld.

(6) For the purpose of deciding an application under paragraph (1) (application to withhold disclosure) or paragraph (3) (claim to withhold inspection) the court may –

(a) require the person seeking to withhold disclosure or inspection of a document to produce that document to the court; and

(b) invite any person, whether or not a party, to make representations.

(7) An application under paragraph (1) or paragraph (5) must be supported by evidence.

(8) This Part does not affect any rule of law which permits or requires a document to be withheld from disclosure or inspection on the ground that its disclosure or inspection would damage the public interest.

Back to top

## Restriction on use of a privileged document inspection of which has been inadvertently allowed

**31.20**  Where a party inadvertently allows a privileged$^{(GL)}$ document to be inspected, the party who has inspected the document may use it or its contents only with the permission of the court.

Back to top

## Consequence of failure to disclose documents or permit inspection

**31.21**  A party may not rely on any document which he fails to disclose or in respect of which he fails to permit inspection unless the court gives permission.

Back to top

## Subsequent use of disclosed documents and completed Electronic Documents Questionnaires

**31.22**

(1) A party to whom a document has been disclosed may use the document only for the purpose of the proceedings in which it is disclosed, except where –

(a) the document has been read to or by the court, or referred to, at a hearing which has been held in public;

(b) the court gives permission; or

(c) the party who disclosed the document and the person to whom the document belongs agree.

(2) The court may make an order restricting or prohibiting the use of a document which has been disclosed, even where the document has been read to or by the court, or referred to, at a hearing which has been held in public.

(3) An application for such an order may be made –

(a) by a party; or

(b) by any person to whom the document belongs.

(4) For the purpose of this rule, an Electronic Documents Questionnaire which has been completed and served by another party pursuant to Practice Direction 31B is to be treated as if it is a document which has been disclosed.

Back to top

## False disclosure statements

**31.23**

(1) Proceedings for contempt of court may be brought against a person if he makes, or causes to be made, a false disclosure statement, without an honest belief in its truth.

(Section 6 of Part 81 contains provisions in relation to committal for making a false disclosure statement.)

2 ~~Proceedings under this rule may be brought only – a by the Attorney General; or b with the permission of the court.~~

Back to top

## Footnotes

1. An application for disclosure before proceedings have started is permitted under section 33 of the Supreme Court Act 1981 (c.54) or section 52 of the County Courts Act 1984 (c.28). Back to text
2. An application for disclosure against a person who is not a party to proceedings is permitted under section 34 of the Supreme Court Act 1981 (c.54) or section 53 of the County Courts Act 1984 (c.28). Back to text