# EXHIBIT 17



# PART 46 - COSTS-SPECIAL CASES

Contents of this Part

| Title | Number |
|---|---|
| I COSTS PAYABLE BY OR TO PARTICULAR PERSONS | |
| Pre-commencement disclosure and orders for disclosure against a person who is not a party | Rule 46.1 |
| Costs orders in favour of or against non-parties | Rule 46.2 |
| Limitations on court's power to award costs in favour of trustee or personal representative | Rule 46.3 |
| Costs where money is payable by or to a child or protected party | Rule 46.4 |
| Litigants in person | Rule 46.5 |
| Costs where the court has made a group litigation order | Rule 46.6 |
| Orders in respect of pro bono representation | Rule 46.7 |
| II COSTS RELATING TO LEGAL REPRESENTATIVES | |
| Personal liability of legal representative for costs – wasted costs orders | Rule 46.8 |
| Basis of detailed assessment of solicitor and client costs | Rule 46.9 |
| Assessment procedure | Rule 46.10 |
| III COSTS ON ALLOCATION AND RE-ALLOCATION | |
| Costs on the small claims track and fast track | Rule 46.11 |
| Limitation on amount court may allow where a claim allocated to the fast track settles before trial | Rule 46.12 |
| Costs following allocation, re-allocation and non-allocation | Rule 46.13 |
| IV COSTS-ONLY PROCEEDINGS | |
| Costs-only proceedings | Rule 46.14 |

| V COSTS IN CLAIMS FOR JUDICIAL REVIEW | |
|---|---|
| Claims for judicial review: costs against interveners | Rule 46.15 |
| SECTION VI – JUDICIAL REVIEW COSTS CAPPING ORDERS UNDER PART 4 OF THE CRIMINAL JUSTICE AND COURTS ACT 2015 | |
| Judicial review costs capping orders – general | Rule 46.16 |
| Applications for judicial review costs capping orders | Rule 46.17 |
| Court to consider making directions | Rule 46.18 |
| Applications to vary judicial review costs capping orders | Rule 46.19 |

# I COSTS PAYABLE BY OR TO PARTICULAR PERSONS

## Pre-commencement disclosure and orders for disclosure against a person who is not a party

**46.1**

(1) This paragraph applies where a person applies –

(a) for an order under –

(i) section 33 of the Senior Courts Act 1981; or

(ii) section 52 of the County Courts Act 1984,

(which give the court powers exercisable before commencement of proceedings); or

(b) for an order under –

(i) section 34 of the Senior Courts Act 1981; or

(ii) section 53 of the County Courts Act 1984,

(which give the court power to make an order against a non-party for disclosure of documents, inspection of property etc.).

(2) The general rule is that the court will award the person against whom the order is sought that person's costs –

(a) of the application; and

(b) of complying with any order made on the application.

(3) The court may however make a different order, having regard to all the circumstances, including –

(a) the extent to which it was reasonable for the person against whom the order was sought to oppose the application; and

(b) whether the parties to the application have complied with any relevant pre-action protocol.

Back to top

## Costs orders in favour of or against non-parties

**46.2**

(1) Where the court is considering whether to exercise its power under section 51 of the Senior Courts Act 1981 (costs are in the discretion of the court) to make a costs order in favour of or against a person who is not a party to proceedings, that person must –

(a) be added as a party to the proceedings for the purposes of costs only; and

(b) be given a reasonable opportunity to attend a hearing at which the court will consider the matter further.

(2) This rule does not apply –

(a) where the court is considering whether to –

(i) make an order against the Lord Chancellor in proceedings in which the Lord Chancellor has provided legal aid to a party to the proceedings;

(ii) make a wasted costs order (as defined in rule 46.8); and

(b) in proceedings to which rule 46.1 applies (pre-commencement disclosure and orders for disclosure against a person who is not a party).

Back to top

## Limitations on court's power to award costs in favour of trustee or personal representative

**46.3**

(1) This rule applies where –

(a) a person is or has been a party to any proceedings in the capacity of trustee or personal representative; and

(b) rule 44.5 does not apply.

(2) The general rule is that that person is entitled to be paid the costs of those proceedings, insofar as they are not recovered from or paid by any other person, out of the relevant trust fund or estate.

(3) Where that person is entitled to be paid any of those costs out of the fund or estate, those costs will be assessed on the indemnity basis.

Back to top

## Costs where money is payable by or to a child or protected party

**46.4**

(1) This rule applies to any proceedings where a party is a child or protected party and –

(a) money is ordered or agreed to be paid to, or for the benefit of, that party; or

(b) money is ordered to be paid by that party or on that party's behalf.

('Child' and 'protected party' have the same meaning as in rule 21.1(2).)

(2) The general rule is that –

(a) the court must order a detailed assessment of the costs payable by, or out of money belonging to, any party who is a child or protected party; and

(b) on an assessment under paragraph (a), the court must also assess any costs payable to that party in the proceedings, unless –

(i) the court has issued a default costs certificate in relation to those costs under rule 47.11; or

(ii) the costs are payable in proceedings to which Section II or Section III of Part 45 applies.

(3) The court need not order detailed assessment of costs in the circumstances set out in paragraph (5) or in Practice Direction 46.

(4) Where –

(a) a claimant is a child or protected party; and

(b) a detailed assessment has taken place under paragraph (2)(a),

the only amount payable by the child or protected party is the amount which the court certifies as payable.

(5) Where the costs payable comprise only the success fee claimed by the child's or protected party's legal representative under a conditional fee agreement or the balance of any payment under a damages based agreement, the court may direct that—

(a) the assessment procedure referred to in rule 46.10 and paragraph 6 of Practice Direction 46 shall not apply; and

(b) such costs be assessed summarily.

(This rule applies to a counterclaim by or on behalf of a child or protected party by virtue of rule 20.3.)

Back to top

## Litigants in person

**46.5**

(1) This rule applies where the court orders (whether by summary assessment or detailed assessment) that the costs of a litigant in person are to be paid by any other person.

(2) The costs allowed under this rule will not exceed, except in the case of a disbursement, two-thirds of the amount which would have been allowed if the litigant in person had been represented by a legal representative.

(3) The litigant in person shall be allowed –

(a) costs for the same categories of –

(i) work; and

(ii) disbursements,

which would have been allowed if the work had been done or the disbursements had been made by a legal representative on the litigant in person's behalf;

(b) the payments reasonably made by the litigant in person for legal services relating to the conduct of the proceedings; and

(c) the costs of obtaining expert assistance in assessing the costs claim.

(4) The amount of costs to be allowed to the litigant in person for any item of work claimed will be –

(a) where the litigant can prove financial loss, the amount that the litigant can prove to have been lost for time reasonably spent on doing the work; or

(b) where the litigant cannot prove financial loss, an amount for the time reasonably spent on doing the work at the rate set out in Practice Direction 46.

(5) A litigant who is allowed costs for attending at court to conduct the case is not entitled to a witness allowance in respect of such attendance in addition to those costs.

(6) For the purposes of this rule, a litigant in person includes –

(a) a company or other corporation which is acting without a legal representative; and

(b) any of the following who acts in person (except where any such person is represented by a firm in which that person is a partner) –

(i) a barrister;

(ii) a solicitor;

(iii) a solicitor's employee;

(iv) a manager of a body recognised under section 9 of the Administration of Justice Act 1985[1]; or

(v) a person who, for the purposes of the 2007 Act[2], is an authorised person in relation to an activity which constitutes the conduct of litigation (within the meaning of that Act).

Back to top

## Costs where the court has made a group litigation order

**46.6**

(1) This rule applies where the court has made a Group Litigation Order ('GLO').

(2) In this rule –

'individual costs' means costs incurred in relation to an individual claim on the group register;

'common costs' means –

(i) costs incurred in relation to the GLO issues;

(ii) individual costs incurred in a claim while it is proceeding as a test claim, and

(iii) costs incurred by the lead legal representative in administering the group litigation; and

'group litigant' means a claimant or defendant, as the case may be, whose claim is entered on the group register.

(3) Unless the court orders otherwise, any order for common costs against group litigants imposes on each group litigant several liability for an equal proportion of those common costs.

(4) The general rule is that a group litigant who is the paying party will, in addition to any liability to pay the receiving party, be liable for –

(a) the individual costs of that group litigant's claim; and

(b) an equal proportion, together with all the other group litigants, of the common costs.

(5) Where the court makes an order about costs in relation to any application or hearing which involved –

(a) one or more GLO issues; and

(b) issues relevant only to individual claims,

the court will direct the proportion of the costs that is to relate to common costs and the proportion that is to relate to individual costs.

(6) Where common costs have been incurred before a claim is entered on the group register, the court may order the group litigant to be liable for a proportion of those costs.

(7) Where a claim is removed from the group register, the court may make an order for costs in that claim which includes a proportion of the common costs incurred up to the date on which the claim is removed from the group register.

(Part 19 sets out rules about group litigation.)

Back to top

## Orders in respect of pro bono representation

**46.7**

(1) Where the court makes an order under section 194(3) of the 2007 Act –

(a) the court may order the payment to the prescribed charity of a sum no greater than the costs specified in Part 45 to which the party with pro bono representation would have been entitled in accordance with that Part and in respect of that representation had it not been provided free of charge; or

(b) where Part 45 does not apply, the court may determine the amount of the payment (other than a sum equivalent to fixed costs) to be made by the paying party to the prescribed charity by –

(i) making a summary assessment; or

(ii) making an order for detailed assessment,

of a sum equivalent to all or part of the costs the paying party would have been ordered to pay to the party with pro bono representation in respect of that representation had it not been provided free of charge.

(2) Where the court makes an order under section 194(3) of the 2007 Act, the order must direct that the payment by the paying party be made to the prescribed charity.

(3) The receiving party must send a copy of the order to the prescribed charity within 7 days of receipt of the order.

(4) Where the court considers making or makes an order under section 194(3) of the 2007 Act, Parts 44 to 47 apply, where appropriate, with the following modifications –

(a) references to 'costs orders', 'orders about costs' or 'orders for the payment of costs' are to be read, unless otherwise stated, as if they refer to an order under section 194(3);

(b) references to 'costs' are to be read as if they referred to a sum equivalent to the costs that would have been claimed by, incurred by or awarded to the party with pro bono representation in respect of that representation had it not been provided free of charge; and

(c) references to 'receiving party' are to be read, as meaning a party who has pro bono representation and who would have been entitled to be paid costs in respect of that representation had it not been provided free of charge.

Back to top

## II COSTS RELATING TO LEGAL REPRESENTATIVES

## Personal liability of legal representative for costs – wasted costs orders

**46.8**

(1) This rule applies where the court is considering whether to make an order under section 51(6) of the Senior Courts Act 1981[3] (court's power to disallow or (as the case may be) order a legal representative to meet, 'wasted costs').

(2) The court will give the legal representative a reasonable opportunity to make written submissions or, if the legal representative prefers, to attend a hearing before it makes such an order.

(3) When the court makes a wasted costs order, it will –

(a) specify the amount to be disallowed or paid; or

(b) direct a costs judge or a district judge to decide the amount of costs to be disallowed or paid.

(4) The court may direct that notice must be given to the legal representative's client, in such manner as the court may direct –

(a) of any proceedings under this rule; or

(b) of any order made under it against his legal representative.

Back to top

## Basis of detailed assessment of solicitor and client costs

**46.9**

(1) This rule applies to every assessment of a solicitor's bill to a client except a bill which is to be paid out of the Community Legal Service Fund under the Legal Aid Act 1988[4] or the Access to Justice Act 1999[5] or by the Lord Chancellor under Part 1 of the Legal Aid, Sentencing and Punishment of Offenders Act 2012.

(2) Section 74(3) of the Solicitors Act 1974[6] applies unless the solicitor and client have entered into a written agreement which expressly permits payment to the solicitor of an amount of costs greater than that which the client could have recovered from another party to the proceedings.

(3) Subject to paragraph (2), costs are to be assessed on the indemnity basis but are to be presumed –

(a) to have been reasonably incurred if they were incurred with the express or implied approval of the client;

(b) to be reasonable in amount if their amount was expressly or impliedly approved by the client;

(c) to have been unreasonably incurred if –

(i) they are of an unusual nature or amount; and

(ii) the solicitor did not tell the client that as a result the costs might not be recovered from the other party.

(4) Where the court is considering a percentage increase on the application of the client, the court will have regard to all the relevant factors as they reasonably appeared to the solicitor or counsel when the conditional fee agreement was entered into or varied.

Back to top

## Assessment procedure

**46.10**

(1) This rule sets out the procedure to be followed where the court has made an order under Part III of the Solicitors Act 1974 for the assessment of costs payable to a solicitor by the solicitor's client.

(2) The solicitor must serve a breakdown of costs within 28 days of the order for costs to be assessed.

(3) The client must serve points of dispute within 14 days after service on the client of the breakdown of costs.

(4) The solicitor must serve any reply within 14 days of service on the solicitor of the points of dispute.

(5) Either party may file a request for a hearing date –

(a) after points of dispute have been served; but

(b) no later than 3 months after the date of the order for the costs to be assessed.

(6) This procedure applies subject to any contrary order made by the court.

Back to top

# III COSTS ON ALLOCATION AND RE-ALLOCATION

## Costs on the small claims track and fast track

**46.11**

(1) Part 27 (small claims) and Part 45 Section VI (fast track trial costs) contain special rules about –

(a) liability for costs;

(b) the amount of costs which the court may award; and

(c) the procedure for assessing costs.

(2) Once a claim is allocated to a particular track, those special rules shall apply to the period before, as well as after, allocation except where the court or a practice direction provides otherwise.

Back to top

## Limitation on amount court may allow where a claim allocated to the fast track settles

before trial

**46.12**

(1) Where the court –

(a) assesses costs in relation to a claim which –

(i) has been allocated to the fast track; and

(ii) settles before the start of the trial; and

(b) is considering the amount of costs to be allowed in respect of a party's advocate for preparing for the trial,

it may not allow, in respect of those advocate's costs, an amount that exceeds the amount of fast track trial costs which would have been payable in relation to the claim had the trial taken place.

(2) When deciding the amount to be allowed in respect of the advocate's costs, the court will have regard to –

(a) when the claim was settled; and

(b) when the court was notified that the claim had settled.

(3) In this rule, 'advocate' and 'fast track trial costs' have the meanings given to them by Part 45 Section VI .

Back to top

## Costs following allocation, re-allocation and non-allocation

**46.13**

(1) Any costs orders made before a claim is allocated will not be affected by allocation.

(2) Where –

(a) claim is allocated to a track; and

(b) the court subsequently re-allocates that claim to a different track,

then unless the court orders otherwise, any special rules about costs applying –

(i) to the first track, will apply to the claim up to the date of re-allocation; and

(ii) to the second track, will apply from the date of re-allocation.

(3) Where the court is assessing costs on the standard basis of a claim which concluded without being allocated to a track, it may restrict those costs to costs that would have been allowed on the track to which the claim would have been allocated if allocation had taken place.

Back to top

# IV COSTS-ONLY PROCEEDINGS

## Costs-only proceedings

**46.14**

(1) This rule applies where –

(a) the parties to a dispute have reached an agreement on all issues (including which party is to pay the costs) which is made or confirmed in writing; but

(b) they have failed to agree the amount of those costs; and

(c) no proceedings have been started.

(2) Where this rule applies, the procedure set out in this rule must be followed.

(3) Proceedings under this rule are commenced by issuing a claim form in accordance with Part 8.

(4) The claim form must contain or be accompanied by the agreement or confirmation.

(5) In proceedings to which this rule applies the court may make an order for the payment of costs the amount of which is to be determined by assessment and/or, where appropriate, for the payment of fixed costs.

(6) Where this rule applies but the procedure set out in this rule has not been followed by a party –

(a) that party will not be allowed costs greater than those that would have been allowed to that party had the procedure been followed; and

(b) the court may award the other party the costs of the proceedings up to the point where an order for the payment of costs is made.

(7) Rule 44.5 (amount of costs where costs are payable pursuant to a contract) does not apply to claims started under the procedure in this rule.

# V COSTS IN CLAIMS FOR JUDICIAL REVIEW

## Claims for judicial review: costs against interveners

**46.15**

(1) In this rule the terms "intervener" and "relevant party" have the same meaning as in section 87 of the Criminal Justice and Courts Act 2015 ("the 2015 Act").

(2) A relevant party may apply to the court for an order for an intervener to pay costs in accordance with section 87 of the 2015 Act.

(Section 87 of the 2015 Act applies to judicial review proceedings in the High Court and Court of Appeal.)

(Rule 54.17 makes provision for any person to be able to apply for permission to file evidence or make representations at the hearing of a judicial review.)

Back to top

# SECTION VI JUDICIAL REVIEW COSTS CAPPING ORDERS UNDER PART 4 OF THE CRIMINAL JUSTICE AND COURTS ACT 2015

## Judicial review costs capping orders – general

**46.16**

(1) For the purposes of this Section—

(a) "judicial review costs capping order" means a costs capping order made by the High Court or the Court of Appeal in accordance with sections 88, 89 and 90 of the 2015 Act; and

(b) "the 2015 Act" means the Criminal Justice and Courts Act 2015.

(2) This Section does not apply to a costs capping order under rule 3.19.

(Rule 3.19 makes provision for orders limiting the amount of future costs (including disbursements) which a party may recover pursuant to an order for costs subsequently made.)

Back to top

## Applications for judicial review costs capping orders

**46.17**

(1) An application for a judicial review costs capping order must—

(a) be made on notice and, subject to paragraphs (2) and (3), in accordance with Part 23; and

(b) be supported by evidence setting out—

(i) why a judicial review costs capping order should be made, having regard, in particular, to the matters at sub-sections (6) to (8) of section 88 of the 2015 Act and sub-section (1) of section 89 of that Act;

(ii) a summary of the applicant's financial resources;

(iii) the costs (and disbursements) which the applicant considers the parties are likely to incur in the future conduct of the proceedings; and

(iv) if the applicant is a body corporate, whether it is able to demonstrate that it is likely to have financial resources available to meet liabilities arising in connection with the proceedings.

(2) Subject to paragraph (3), the applicant must serve a copy of the application notice and copies of the supporting

documents on every other party.

(3) On application by the applicant, the court may dispense with the need for the applicant to serve the evidence setting out a summary of the applicant's financial resources on one or more of the parties.

(4) The court may direct the applicant to provide additional information or evidence to support its application.

Back to top

## Court to consider making directions

**46.18**  If the applicant is a body corporate, and the evidence supporting its application in accordance with rule 46.17(1)(b)(iv) sets out that it is unable to demonstrate that it is likely to have financial resources available to meet liabilities arising in connection with the proceedings, the court must consider giving directions for the provision of information about the applicant's members and their ability to provide financial support for the purposes of the proceedings.

Back to top

## Applications to vary judicial review costs capping orders

**46.19**

(1) An application to vary a judicial review costs capping order must be made on notice and, subject to paragraphs (2) and (3), in accordance with Part 23.

(2) Subject to paragraph (3), the applicant must serve a copy of the application notice and copies of any supporting documents on every other party.

(3) If the application is supported by evidence setting out a summary of the applicant's financial resources, the court may, on application by the applicant, dispense with the need for the applicant to serve such evidence on one or more of the parties.

Back to top

## Footnotes

1.  1985 c. 61. Section 9 was amended by the Courts and Legal Services Act 1990, section 125(3), (7), Schedules 18 and 20; the Access to Justice Act 1999 section 106, Schedule 15 Part II; S.I. 2000/1119 regulation 37(3), Schedule 4 paragraph 15; the Legal Services Act 2007, section 177, 210, Schedule 16, Part 2, paragraphs 80 and 81 and Schedule 23; S.I. 2001/1090, regulation 1, 9, Schedule 5 paragraph 12; S.I. 2011/1716 article 4. Back to text
2.  2007 c.29. Back to text
3.  1981 c.54. Back to text
4.  1988 c.34. Back to text
5.  1999 c.22. Back to text
6.  1974 c.47. Section 47(3) was amended by the Legal Services Act 2007, section 177, Schedule 16, Part 1, paragraphs 1, 69(b). Back to text