UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF BENJAMIN STEINMETZ FOR AN ORDER TO TAKE DISCOVERY FROM VALE S.A., VALE AMERICAS, INC., RIO TINTO PLC, AND RIO TINTO LIMITED PURSUANT TO 28 U.S.C. § 1782 | No. 20 Misc. 212 (AJN) |

**DECLARATION OF JOSEPH M. SANDERSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO BENJAMIN STEINMETZ'S APPLICATION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

I, Joseph M. Sanderson, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an associate at the law firm of Kirkland & Ellis LLP and counsel for Respondents Rio Tinto PLC and Rio Tinto Limited (together, "Rio Tinto") in the above-captioned action.

2. I submit this Declaration in support of Defendant's Opposition to Petitioner's Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782. This Declaration is based on my review of publicly-available documents and information and records supplied to me by Rio Tinto.

3. Attached hereto as **Exhibit 1** is a true and correct copy of Rio Tinto's 2019 Annual Report as downloaded from Rio Tinto's website.

4. Attached hereto as **Exhibit 2** is a true and correct copy of the DLC Merger Sharing Agreement between Rio Tinto Limited and Rio Tinto PLC dated December 21, 1995, as amended, as downloaded from Rio Tinto's website.

5. Attached hereto as **Exhibit 3** is a true and correct copy of a Financial Times article entitled "*Guinea[']s first freely elected government reignites $2.5bn mining tussle*" dated

November 2, 2012, as downloaded from the website of the Financial Times.

6. Attached hereto as **Exhibit 4** is a true and correct copy of a Financial Times article entitled "*Guinea - what lies beneath*" dated November 7, 2012, as downloaded from the website of the Financial Times.

7. Attached hereto as **Exhibit 5** is a true and correct copy of an African Network of Centers for Investigative Reporting (ANCIR) article entitled "*Steinmetz's Guinea iron ore mining deal prised open*," as downloaded from this court's electronic docket in *BSG Resources (Guinea) Ltd. et al v. Soros et al*, No. 1:17-cv-02726-JFK-OTW (S.D.N.Y.). The exhibit slip sheet from that action has been omitted for clarity.

8. Attached hereto as **Exhibit 6** is a true and correct copy of an Associated Press article entitled "*Israeli Police Arrest Tycoon Suspected of Bribery in Guinea*" dated December 19, 2016, as downloaded from this court's electronic docket in *BSG Resources (Guinea) Ltd. et al v. Soros et al*, No. 1:17-cv-02726-JFK-OTW (S.D.N.Y.). The exhibit slip sheet from that action has been omitted for clarity.

9. Attached hereto as **Exhibit 7** is a true and correct copy of the Criminal Complaint against Frédéric Cilins dated April 15, 2013, as downloaded from this court's electronic docket in *United States v. Cilins*, No. 1:13-cr-00315-WHP (S.D.N.Y.).

10. Attached hereto as **Exhibit 8** is a true and correct copy of the Indictment against Frédéric Cilins dated February 18, 2014, as downloaded from this court's electronic docket in *United States v. Cilins*, No. 1:13-cr-00315-WHP (S.D.N.Y.).

11. Attached hereto as **Exhibit 9** is a true and correct copy of the Transcript of a Change of Plea Hearing on March 10, 2014, as downloaded from this court's electronic docket in *United States v. Cilins*, No. 1:13-cr-00315-WHP (S.D.N.Y.).

12. Attached hereto as **Exhibit 10** is a true and correct copy of the Government's Motions in Limine dated February 25, 2014, as downloaded from this court's electronic docket in *United States v. Cilins*, No. 1:13-cr-00315-WHP (S.D.N.Y.).

13. Attached hereto as **Exhibit 11** is a true and correct copy of a transcript of a recorded conversation filed as Exhibit 7 to the Sentencing Memorandum on July 18,, 2014, as downloaded from this court's electronic docket in *United States v. Cilins*, No. 1:13-cr-00315-WHP (S.D.N.Y.).

14. Attached hereto as **Exhibit 12** is a true and correct copy of a transcript of a recorded conversation filed as Exhibit 8 to the Sentencing Memorandum on July 18, 2014, as downloaded from this court's electronic docket in *United States v. Cilins*, No. 1:13-cr-00315-WHP (S.D.N.Y.).

15. Attached hereto as **Exhibit 13** is a true and correct copy of the transcript of Frédéric Cilins' Detention Hearing on April 18, 2012 in the United States District Court for the Middle District of Florida, as downloaded from this court's electronic docket in *United States v. Cilins*, No. 1:13-cr-00315-WHP (S.D.N.Y.).

16. Attached hereto as **Exhibit 14** is a true and correct copy of the Memorandum & Order on Cilins' motion to compel, dated January 15, 2014, as downloaded from this court's electronic docket in *United States v. Cilins*, No. 1:13-cr-00315-WHP (S.D.N.Y.).

17. Attached hereto as **Exhibit 15** is a true and correct copy of excerpts from the Report of the Guinean Technical Committee for the Review of Mining Titles and Agreements, as downloaded from the electronic docket of the United States Bankruptcy Court for the Southern District of New York in *In re BSG Resources Ltd. (in administration)*, No. 1:19-bk-11845-SHL (Bankr. S.D.N.Y.).

18. Attached hereto as **Exhibit 16** is a true and correct copy of the transcript of Frederic Cilins' Detention Hearing on April 25, 2013 in the United States District Court for the Middle

District of Florida, as downloaded from this court's electronic docket in *United States v. Cilins*, No. 1:13-cr-00315-WHP (S.D.N.Y.).

19. Attached hereto as **Exhibit 17** is a true and correct copy of a transcript of a recorded conversation filed Exhibit 4 to the Sentencing Memorandum on July 18, 2014, as downloaded from the electronic docket in *United States v. Cilins*, No. 1:13-cr-00315-WHP (S.D.N.Y.).

20. Attached hereto as **Exhibit 18** is a true and correct copy of a New Yorker article entitled "*Buried Secrets*" dated July 1, 2013, as downloaded from the website of the New Yorker.

21. Attached hereto as **Exhibit 19** is a true and correct copy of a Reuters article entitled "*Geneva prosecutors indict billionaire Steinmetz in Guinea corruption case*" dated August 12, 2019, as downloaded from the website of Reuters.

22. Attached hereto as **Exhibit 20** is a true and correct copy of a press release issued by the Public Prosecutor of Geneva regarding the criminal charges filed against Mr. Steinmetz in Switzerland dated August 12, 2019, as downloaded from the website of the Judicial Authority of Geneva.

23. Attached hereto as **Exhibit 21** is a true and correct copy of a partially-unsealed *Ex Parte* Tolling Order dated November 25, 2014 entered in *In re: Grand Jury Investigation*, No. 14 Misc. 396 (PKC), as downloaded from this court's electronic docket in *BSG Resources (Guinea) Ltd. et al v. Soros et al*, No. 1:17-cv-02726-JFK-OTW )(S.D.N.Y.).  The exhibit slip sheet from that action has been omitted for clarity.

24. Attached hereto as **Exhibit 22** is a true and correct copy of the London Court of International Arbitration's award in favor of Vale S.A. dated April 4, 2019, as downloaded from the electronic docket of the United States Bankruptcy Court for the Southern District of New York in *In re BSG Resources Ltd. (in administration)*, No. 1:19-bk-11845-SHL (Bankr. S.D.N.Y.)

25. Attached hereto as **Exhibit 23** is a true and correct copy of the Order from the English High Court of Justice upholding Vale's arbitration award against BSGR and denying BSGR's challenge to the application, dated September 20, 2019, as downloaded from this court's electronic docket in *Vale S.A. v. BSG Resources Ltd.*, No. 1:19-cv-03619-VSB (S.D.N.Y.). The exhibit slip sheet from that action has been omitted for clarity.

26. Attached hereto as **Exhibit 24** is a true and correct copy of a Judgment in this court enforcing Vale's arbitral award against BSGR dated March 5, 2020, as downloaded from this court's electronic docket in *Vale S.A. v. BSG Resources Ltd.*, No. 1:19-cv-03619-VSB (S.D.N.Y.).

27. Attached hereto as **Exhibit 25** is a true and correct copy of a Reuters article entitled "*Steinmetz's BSGR seeks to reopen $1.25 billion Guinea ruling*" dated May 22, 2020, as downloaded from the website of Reuters.

28. Attached hereto as **Exhibit 26** is a true and correct copy of a Financial Times article entitled "*Beny Steinmetz seeks to reverse $2bn arbitration award to Vale*" dated May 24, 2020, as downloaded from the website of the Financial Times.

29. Attached hereto as **Exhibit 27** is a true and correct copy of the Protective Order restricting the use of discovery from prior litigation dated August 12, 2014, as downloaded from this court's electronic docket in *Rio Tinto PLC v. Vale et al*, No. 1:14-cv-03042-RMB-AJP (S.D.N.Y.).

30. Attached hereto as **Exhibit 28** is a true and correct copy of the Order denying modification of the Protective Order dated April 18, 2016, as downloaded from this court's electronic docket in *Rio Tinto PLC v. Vale et al*, No. 1:14-cv-03042-RMB-AJP (S.D.N.Y.).

31. I have been informed by Rio Tinto that employees of the Rio Tinto group assigned to the Simandou Project were almost entirely overseas, and none of them were based in New York.

32. At my request, Rio Tinto conducted preliminary inquiries regarding the locations of potentially responsive information and the locations of custodians. I have reviewed a table indicating that most custodians identified as potentially having meaningful information related to Rio Tinto's activities in Simandou were located outside the United States and all outside of New York. I have been informed that Rio Tinto's affiliate's New York office primarily deals with diamond marketing.

33. Rio Tinto informed me that information gathered in connection with prior litigation relating to its activities in Simandou has been archived and was stored offline on hard drives that were previously in Australia and are now in the UK. While the fact that the archived data is offline prevents Rio Tinto from providing exact statistics without incurring the significant expense of restoring the database, Rio Tinto understands that millions of records were collected in connection with that litigation, and that the majority of the records collected had not been reviewed even in connection with the document requests in the prior litigation before that proceeding was dismissed. Based on that, and based on the breadth of the subpoenas and the repeated discovery disputes reflected on the docket in the prior litigation, I believe that it is likely that complying with the subpoenas as currently written would cost millions of dollars in attorneys' fees and vendor costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 26, 2020

/s/ Joseph Myer Sanderson
Joseph Myer Sanderson