# EXHIBIT 9

E3ABCILP                        Plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          13 CR 315 (WHP)

5   FREDERIC CILINS,

6              Defendant.

7   ------------------------------x

8                                          New York, N.Y.
                                           March 10, 2014
9                                          12:29 p.m.

10
    Before:
11
                    HON. WILLIAM H. PAULEY III,
12
                                           District Judge
13

14                          APPEARANCES

15  PREET BHARARA
         United States Attorney for the
16       Southern District of New York
    ELISHA KOBRE
17       Assistant United States Attorney

18  WILLIAM SCHWARTZ
    ANNIKA GOLDMAN
19       Attorneys for Defendant

20  ALSO PRESENT:
         JOSE VOIGHT, Interpreter
21       S.A. CHRISTOPHER MARTINEZ
         TAREK HELOV, ESQ.
22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

```
 1                (In open court)
 2                THE COURT:  Good afternoon.  Please be seated.
 3                THE DEPUTY CLERK:  This is the case of United States
 4   of America v. Frederic Cilins.
 5                Appearances for the government.
 6                MR. KOBRE:  Yes, good afternoon, your Honor.  Elisha
 7   Kobre for the government.  With me at counsel table is Tarek
 8   Helov, a trial attorney with the fraud section of the criminal
 9   division of the Department of Justice, as well as Special Agent
10   Christopher Martinez of the FBI.
11                THE COURT:  All right.  Good afternoon, Mr. Kobre.
12                THE DEPUTY CLERK:  Appearance for the defendant.
13                MR. SCHWARTZ:  Good afternoon, your Honor.  William
14   Schwartz together with my colleague, Annika Goldman, for the
15   defendant, Frederic Cilins.
16                THE COURT:  Good afternoon, Mr. Schwartz.  I note the
17   presence of a French interpreter.
18                Would you identify yourself for the record?
19                THE INTERPRETER:  Yes.  Good afternoon, your Honor.
20   Jose Voight.
21                THE COURT:  Please administer the oath to the
22   interpreter.
23                (Interpreter sworn)
24                THE COURT:  All right.  Mr. Cilins, are you able to
25   understand what's being said here this afternoon through the
```

1    French interpreter?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Very well.  All right.

4              Mr. Schwartz, I'm informed that the defendant has an

5    application.

6              What is that application?

7              MR. SCHWARTZ:  Your Honor, the government has informed

8    us that they were going to file a superseding information to

9    which the defendant will plead guilty.

10             THE COURT:  All right.  Let's begin then with an

11   arraignment on the superseder.

12             Mr. Cilins, would you stand.

13             Are you the defendant, Frederic Cilins?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  And have you seen a copy of the

16   superseding information that is S2 filed by the government

17   against you?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And has it been read to you or translated

20   for you into French?

21             THE DEFENDANT:  Yes.

22             THE COURT:  And have you discussed it with your

23   attorney, Mr. Schwartz?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Do you waive my reading the superseding

1  information word for word here in open court?

2              THE DEFENDANT:  Absolutely, yes.

3              MR. SCHWARTZ:  Your Honor, just to be correct here,

4  the question may be ambiguous.  Mr. Cilins has read it and I

5  read it with him in English, but we did it slowly enough so

6  that he understood.

7              THE COURT:  All right.  Mr. Cilins, how do you plead

8  to the charges in the superseding information, guilty or not

9  guilty?

10             THE DEFENDANT:  Guilty, your Honor.

11             THE COURT:  Before we get to that, why don't you

12  consult with your client for a moment.  I think in the initial

13  presentment on the charging instrument --

14             MR. SCHWARTZ:  Your Honor, what I'm not clear about

15  yet is whether your Honor needs to allocute him on waiver so

16  that the instrument can actually be filed.

17             THE COURT:  I'm going to do all of that during the

18  course of the plea.

19             MR. SCHWARTZ:  Okay.

20             (Pause)

21             THE DEFENDANT:  Not guilty.

22             THE COURT:  All right.  Now, Mr. Schwartz, does the

23  defendant have an application?

24             MR. SCHWARTZ:  Yes, he does, your Honor.

25             THE COURT:  What is that application?

 1 ||         MR. SCHWARTZ:  The defendant asks the Court to permit

 2 || him to change his plea from not guilty to guilty.

 3 ||         THE COURT:  Is this pursuant to a plea agreement?

 4 ||         MR. SCHWARTZ:  It is, your Honor.

 5 ||         THE COURT:  All right.  The record should reflect that

 6 || a plea agreement has been handed up to me for my inspection.

 7 ||         And, Mr. Schwartz, prior to the commencement of this

 8 || proceeding, did you review with your client an advice of rights

 9 || form?

10 ||         MR. SCHWARTZ:  Yes, I did, your Honor.

11 ||         THE COURT:  Okay.  And did you discuss that advice of

12 || rights form with your client?

13 ||         MR. SCHWARTZ:  I did, your Honor.

14 ||         THE DEFENDANT:  Yes, your Honor.

15 ||         THE COURT:  And did he sign it in your presence?

16 ||         MR. SCHWARTZ:  Not yet, your Honor, because I have one

17 || issue which is a lawyer's issue that I'd like to address.

18 ||         THE COURT:  Go ahead.  I love lawyers' issues.

19 ||         MR. SCHWARTZ:  The form that I signed says that I've

20 || advised my client that any such defenses would not prevail at

21 || trial and the form that he signed says that I've advised him of

22 || that.  And my only question -- it's a lawyer's question, your

23 || Honor -- which is I think it would be better to say that I've

24 || advised him of the chances of those defenses at trial, because

25 || a defendant necessarily doesn't have to believe he has no

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   defenses in order to plead guilty.

2          THE COURT:  But I am going to allocute him and you on

3   this issue during the course of the proceeding.

4          MR. SCHWARTZ:  I understand that, your Honor, and I

5   think the allocution should also be different.  But if your

6   Honor is not prepared to change it, we will sign the form.

7          THE COURT:  All right.  Why don't you sign the form.

8          MR. SCHWARTZ:  Thank you for indulging me, your Honor.

9          THE COURT:  It's always a pleasure, Mr. Schwartz.

10         The record should reflect that an advice of rights

11  form has been handed up to me for my inspection.  So at this

12  time I'm going to direct my deputy to administer the oath to

13  Mr. Cilins.

14         (Defendant sworn)

15         THE COURT:  Mr. Cilins, do you understand, sir, that

16  you are now under oath and if you answer any of my questions

17  falsely, your false or untrue answers may later be used against

18  you in another prosecution for perjury or making a false

19  statement?

20         THE DEFENDANT:  Absolutely.

21         THE COURT:  And for the record, Mr. Cilins, what is

22  your full name?

23         THE DEFENDANT:  Frederic Cilins.

24         THE COURT:  All right.  And how old are you,

25  Mr. Cilins?

1          THE DEFENDANT:  Fifty-one years old.

2          THE COURT:  How far did you go in school?

3          THE DEFENDANT:  University.

4          THE COURT:  And do you fully understand the French

5   interpreter here today?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Do you have any difficulty communicating

8   with the French interpreter?

9          THE DEFENDANT:  No, none.

10         THE COURT:  Mr. Cilins, are you now or have you

11  recently been under the care of a doctor or a psychiatrist?

12         THE DEFENDANT:  A physician, yes, for the blood

13  pressure, but not psychiatrist.

14         THE COURT:  All right.  And are you taking any

15  medications?

16         THE DEFENDANT:  Yes.  Yes, for the blood pressure.

17         THE COURT:  And have you taken your blood pressure

18  medication today?

19         THE DEFENDANT:  The medication?  Yes, of course.

20         THE COURT:  And are you taking any other medication?

21         THE DEFENDANT:  No.

22         THE COURT:  Have you ever been treated or hospitalized

23  for any mental illness or any type of addiction including drug

24  or alcohol addiction?

25         THE DEFENDANT:  No, never.

```
 1              THE COURT:  Aside from your blood pressure medication,
 2     in the past 24 hours have you taken any drugs, medicines or
 3     pills or have you consumed any alcohol?
 4              THE DEFENDANT:  I took two tablets, Alive, just for
 5     the cold.  That's all.
 6              THE COURT:  Is your mind clear today?
 7              THE DEFENDANT:  Yes, absolutely.
 8              THE COURT:  Are you feeling all right today,
 9     Mr. Cilins?
10              THE DEFENDANT:  Yes, totally.
11              THE COURT:  Are you represented by an attorney here
12     today.
13              THE DEFENDANT:  Yes, of course.
14              THE COURT:  Who is your attorney, Mr. Cilins?
15              THE DEFENDANT:  Mr. Schwartz, present here.
16              THE COURT:  Mr. Schwartz, do you have any doubt as to
17     your client's competence to plead at this time?
18              MR. SCHWARTZ:  None, your Honor.
19              THE COURT:  Now, Mr. Cilins, your attorney,
20     Mr. Schwartz, has informed me you wish to enter a plea of
21     guilty.
22              Do you wish to enter a plea of guilty?
23              THE DEFENDANT:  Yes, your Honor.
24              THE COURT:  Have you had a full opportunity to discuss
25     your case with your attorney and to discuss the consequences of
```

1    entering a plea of guilty?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  Are you satisfied with your attorney,

4    Mr. Schwartz, and his representation of you in this matter?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  On the basis of Mr. Cilins's responses to

7    my questions and my observations of his demeanor here in my

8    courtroom this afternoon, I find he's fully competent to enter

9    an informed plea at this time.

10            Now, before I accept any plea from you, Mr. Cilins,

11   I'm going to ask you certain questions.  My questions are

12   intended to satisfy me that you wish to plead guilty because

13   you are guilty and that you fully understand the consequences

14   of your plea.

15            I'm going to describe to you certain rights that you

16   have under the Constitution and laws of the United States,

17   which rights you'll be giving up if you enter a plea of guilty.

18            Please listen carefully.  If you do not understand

19   something I am saying or describing, then stop me, and either I

20   or your attorney, Mr. Schwartz, will explain it to you more

21   fully.

22            Do you understand this?

23            THE DEFENDANT:  Yes, I understand.

24            THE COURT:  All right.  Under the Constitution and

25   laws of the United States, you have a right to a speedy and

E3ABCILP                    Plea

 1 | public trial by a jury on the charges against you which are

 2 | contained in the superseding information.

 3 |           Do you understand that?

 4 |           THE DEFENDANT:  Yes, sir.

 5 |           THE COURT:  And if there were a trial, Mr. Cilins, you

 6 | would be presumed innocent and the government would be required

 7 | to prove you guilty by competent evidence and beyond a

 8 | reasonable doubt.  You would not have to prove that you were

 9 | innocent at a trial.

10 |           Do you understand that, sir?

11 |           THE DEFENDANT:  Yes, I understand.

12 |           THE COURT:  If there were a trial, a jury composed of

13 | 12 people selected from this district would have to agree

14 | unanimously that you were guilty.

15 |           Do you understand that?

16 |           THE DEFENDANT:  Yes, sir.

17 |           THE COURT:  If there were a trial, you would have the

18 | right to be represented by an attorney and if you could not

19 | afford one, an attorney would be provided to you free of cost.

20 |           Do you understand that?

21 |           THE DEFENDANT:  Yes, I understand that.

22 |           THE COURT:  If there were a trial, you'd have the

23 | right to see and hear all of the witnesses against you and your

24 | attorney could cross-examine them.  You would have the right to

25 | have your attorney object to the government's evidence and

```
 1    offer evidence on your behalf if you so desired, and you would
 2    have the right to have subpoenas issued or other compulsory
 3    process used to compel witnesses to testify in your defense.
 4              Do you understand that?
 5              THE DEFENDANT:  Yes, I understand.
 6              THE COURT:  If there were a trial, you would have the
 7    right to testify if you wanted to, but no one could force you
 8    to testify if you did not want to.  Further, no inference or
 9    suggestion of guilt could be drawn if you chose not to testify
10    at a trial.
11              Do you understand that, Mr. Cilins?
12              THE DEFENDANT:  Yes, I understand.
13              THE COURT:  Do you understand that by entering a plea
14    of guilty today, you're giving up each and every one of the
15    rights I have described, that you're waiving these rights and
16    that you will have no trial?
17              THE DEFENDANT:  Yes, I understand.
18              THE COURT:  And do you understand, sir, that you can
19    change your mind right now and refuse to enter a plea of
20    guilty?  You do not have to enter this plea if you do not want
21    to for any reason whatsoever.  Do you understand this?
22              THE DEFENDANT:  Yes, I understand.
23              THE COURT:  Now, Mr. Cilins, have you received a copy
24    of the superseding information?
25              THE DEFENDANT:  Yes, your Honor.
```

 1        THE COURT:  And have you read it together with

 2   Mr. Schwartz?

 3        THE DEFENDANT:  Yes, sir.

 4        THE COURT:  And did you discuss it with your attorney,

 5   Mr. Schwartz?

 6        THE DEFENDANT:  Yes, sir.

 7        THE COURT:  And, once again, do you waive my reading

 8   the superseding information word for word here in open court?

 9        THE DEFENDANT:  Absolutely.

10        THE COURT:  Do you understand that Count One of the

11   superseding information charges you with, from at least in or

12   about March 2013 up to and including on or about April 14,

13   2013, obstructing a criminal investigation in violation of

14   Title 18 of the United States Code, Section 1510(a)?  Do you

15   understand that?

16        THE DEFENDANT:  Yes, I understand.

17        THE COURT:  And, Mr. Cilins, do you understand that

18   you have a constitutional right to be charged by an indictment

19   rather than as, in this case, a superseding information?  An

20   indictment would be from a grand jury and not like the

21   superseding information, simply a charge by the prosecutor?  Do

22   you understand, sir, that you've waived the right to be charged

23   by an indictment and that you've consented to being charged by

24   an information of the government?

25        THE DEFENDANT:  Yes, I understand.

1    THE COURT:  And do you waive this right voluntarily
2    and knowingly?

3    THE DEFENDANT:  Yes, voluntarily.

4    THE COURT:  And do you understand that if you did not
5    plead guilty, the government would have to prove each and every
6    part or element of the charge of obstructing a criminal
7    investigation in this case beyond a reasonable doubt at trial?

8    THE DEFENDANT:  Yes, sir.

9    THE COURT:  And, Mr. Kobre, for the benefit of the
10   Court and for the defendant, would you describe the essential
11   elements of the offense?

12   MR. KOBRE:  Yes, your Honor.  The violation of Section
13   1510(a) of Title 18 contains three elements:  First, that the
14   defendant willfully endeavored to obstruct, delay or prevent
15   the communication of information by any person to a criminal
16   investigator; second, that the defendant did so by means of
17   bribery; third, that the information related to a violation of
18   any criminal statute of the United States.  At trial the
19   government would also be required to show venue is proper in
20   the Southern District of New York by a preponderance of the
21   evidence.

22   THE COURT:  Thank you, Mr. Kobre.

23   Mr. Cilins, have you listened closely to Assistant
24   United States Attorney Elisha Kobre as he has described the
25   essential elements of the offense?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  And do you understand, sir, that the

3    government would have to prove each of those elements by

4    competent evidence and beyond a reasonable doubt in order to

5    convict you at trial?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Do you understand, Mr. Cilins, that the

8    maximum possible penalty of the crime to which you're entering

9    a plea of guilty is five years of imprisonment followed by a

10   maximum term of three years of supervised release, together

11   with a maximum fine of the greatest of $250,000 or twice the

12   gross pecuniary gain derived from the offense or twice the

13   gross pecuniary loss to persons other than yourself resulting

14   from the offense and a $100 mandatory special assessment?  Do

15   you understand that?

16          THE DEFENDANT:  Yes, I understand.

17          THE COURT:  And, Mr. Cilins, supervised release means

18   that you'll be subject to monitoring when you're released from

19   prison.  The monitoring to be under terms and conditions which

20   could lead to reimprisonment without a jury trial for all or

21   part of the term of supervised release without credit or time

22   previously served on post-release supervision if you violate

23   the terms and conditions of supervised release.

24          Do you understand that?

25          THE DEFENDANT:  Yes, I understand.

1          THE COURT:  Do you also understand that as part of
2   your agreement with the government, that you are admitting the
3   forfeiture allegations in this case and that you agree to
4   forfeit property to the government?
5          THE DEFENDANT:  Yes.
6          THE COURT:  And do you also understand that this Court
7   will impose an order of restitution on you?
8          THE DEFENDANT:  Yes.
9          THE COURT:  Now, do you further understand that
10  because you are not a citizen of the United States, that you
11  will be subject to deportation from the United States at such
12  time as you complete your term of imprisonment?
13         THE DEFENDANT:  Yes, I understand that.
14         THE COURT:  Have you talked with your attorney,
15  Mr. Schwartz, about the sentencing guidelines?
16         THE DEFENDANT:  Yes.
17         THE COURT:  And do you understand that the Court will
18  not be able to determine your sentence until after a
19  presentence report has been completed by the probation office
20  and you and the government have had a chance to challenge any
21  of the facts reported by the probation office?
22         THE DEFENDANT:  Yes, I understand that.
23         THE COURT:  And do you also understand that even after
24  it's determined what guideline range applies in your case, that
25  this Court has the authority to impose whatever sentence it

E3ABCILP                    Plea

1   deems appropriate given due regard to all of the factors set

2   forth in Section 3553(a)?

3          THE DEFENDANT:  Yes, I understand.

4          THE COURT:  Do you understand that if you're sentenced

5   to prison, parole has been abolished and you will not be

6   released any earlier on parole?

7          THE DEFENDANT:  Yes, I understand that.

8          THE COURT:  And do you understand that if your

9   attorney or anyone else has attempted to estimate or predict

10  what your sentence will be, that their estimate or prediction

11  could be wrong?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  No one, Mr. Cilins, not even your attorney

14  or the government, can nor should give you any assurance of

15  what your sentence will be.  Your sentence cannot be determined

16  until after the probation office report is completed, I've

17  ruled on any challenges to the report and determined what

18  sentence I believe is appropriate given due regard to all the

19  factors set forth in Section 3553.

20         Do you understand that?

21         THE DEFENDANT:  Yes, I understand that.

22         THE COURT:  Do you also fully understand that even if

23  your sentence is different from what your attorney or anyone

24  else told you it might be, or if it's different from what you

25  expect, that you'll still be bound to your guilty plea and you

 1    will not be allowed to withdraw your plea of guilty?

 2              THE DEFENDANT:  Yes, I understand.

 3              THE COURT:  All right.  Now, I've been given this plea

 4    agreement.

 5              Have you signed it?

 6              THE DEFENDANT:  Yes, your Honor.

 7              THE COURT:  And did you read this agreement with

 8    Mr. Schwartz prior to signing it?

 9              THE DEFENDANT:  Yes, sir.

10              THE COURT:  And did you discuss it with your attorney

11    before you signed it?

12              THE DEFENDANT:  Yes, yes.

13              THE COURT:  Mr. Cilins, did you fully understand this

14    agreement at the time that you signed it?

15              THE DEFENDANT:  Yes, I understood it.

16              THE COURT:  Mr. Cilins, does this letter agreement

17    constitute your complete and total understanding of the entire

18    agreement among the government, your attorney and you?

19              THE DEFENDANT:  Yes, your Honor.

20              THE COURT:  Is everything about your plea and sentence

21    contained in this agreement?

22              THE DEFENDANT:  Yes.

23              THE COURT:  Has anything been left out?

24              THE DEFENDANT:  No.

25              THE COURT:  And do you understand that under the terms

```
 1    of this agreement, that you are giving up or waiving your right
 2    to appeal or otherwise challenge your sentence if this Court
 3    sentences you within or below a guideline range of 37 to 46
 4    months of imprisonment?  Do you understand that?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  And do you understand that I'm completely
 7    free to disregard any imposition or recommendation by your
 8    attorney or by the government as to what your sentence should
 9    be; that I have the ability to impose whatever sentence I
10    believe is appropriate under the circumstances and you'll have
11    no right to withdraw your plea?
12              THE DEFENDANT:  Yes, I understand that.
13              THE COURT:  Mr. Schwartz, do you know of any valid
14    defense that would prevail at trial or do you know of any
15    reason why your client should not be permitted to plead guilty?
16              MR. SCHWARTZ:  No, your Honor.
17              THE COURT:  Mr. Schwartz, is there an adequate factual
18    basis to support this plea of guilty?
19              MR. SCHWARTZ:  Yes, your Honor.
20              THE COURT:  Mr. Kobre, is there an adequate factual
21    basis to support this plea of guilty?
22              MR. KOBRE:  There is, your Honor.
23              THE COURT:  Mr. Cilins, please tell me what you did in
24    connection with the crime of obstructing a criminal
25    investigation as charged in the superseding information.
```

1    THE DEFENDANT:  On April 14, 2013, I offered to give

2    money to a government witness to persuade her to leave the

3    United States to avoid answering questions posed by the FBI.  I

4    knew this was wrong.

5              THE COURT:  And when was it that you did this?

6              THE DEFENDANT:  April 14, 2013, your Honor.

7              THE COURT:  And where was it that you did this?

8              THE DEFENDANT:  At the airport-- at Jacksonville

9    Airport in Florida.

10             THE COURT:  And at that time did you understand that

11   the individual with whom you were dealing was a government-- a

12   witness in a government investigation?

13             THE DEFENDANT:  Yes, it was a cooperating witness, but

14   I didn't know that this person was cooperating-- this witness

15   was cooperating at that time.

16             THE COURT:  But you knew that this person was a

17   witness in a government investigation, did you not?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And what did you try to bribe this witness

20   with?

21             THE DEFENDANT:  Money, your Honor.

22             THE COURT:  And how much money?

23             THE DEFENDANT:  I had $20,000 with me.

24             THE COURT:  And did you promise the witness more

25   money?

 1         THE DEFENDANT:  I had promised to give more money to
 2    the witness in Africa.
 3         THE COURT:  And did you understand that engaging in
 4    this conduct was wrong and illegal at the time?
 5         THE DEFENDANT:  Yes.
 6         THE COURT:  Okay.  Mr. Kobre, would the government
 7    briefly summarize its evidence against Mr. Cilins?
 8         MR. KOBRE:  Yes, your Honor.  The evidence against --
 9         THE COURT:  You can be seated.
10         MR. KOBRE:  The evidence against the defendant would
11    include audio recordings including audio recordings made at
12    person-to-person meetings between the defendant and the
13    cooperating witness, as well as recorded phone calls, and as
14    well as documentary evidence, e-mails and phone records, among
15    other things, that would show that the defendant participated
16    in a scheme to obstruct criminal investigation in March and
17    April of 2013.
18         That criminal investigation-- that obstruction
19    involved several elements, one of which was to bribe the
20    witness to leave the United States to avoid questioning by
21    agents of the FBI as well as to avoid questioning by a grand
22    jury.  Other elements of the defendant's scheme to obstruct
23    were offering to pay the cooperating witness in the millions of
24    dollars to destroy documents that were sought by the FBI and in
25    the grand jury investigation as well as presenting the

1   cooperating witness with a document containing false

2   statements.

3            And just to address the issue of venue, your Honor,

4   some of the phone calls that the defendant participated in

5   together with the cooperating witness to arrange for their

6   meetings and to discuss the destruction of documents occurred

7   while the cooperating witness was present in New York City and

8   Manhattan.

9            THE COURT:  Thank you, Mr. Kobre.

10           Mr. Cilins, would you stand, sir.

11           Mr. Cilins, how do you now plead to the charge of

12  obstructing a government investigation as set forth in Count

13  One of the superseding information, guilty or not guilty?

14           THE DEFENDANT:  Guilty, your Honor.

15           THE COURT:  Are you pleading guilty because you are

16  guilty?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  Are you pleading guilty voluntarily and of

19  your own free will?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Mr. Schwartz, do you wish me to make any

22  further inquiries of your client?

23           MR. SCHWARTZ:  No, your Honor.

24           THE COURT:  Mr. Kobre, does the government wish me to

25  make any further inquiries of the defendant?

 1            MR. KOBRE:  No, your Honor.

 2            THE COURT:  Mr. Cilins, because you acknowledge that

 3    you're guilty as charged in the superseding information and

 4    because I find you know your rights and are waiving them

 5    knowingly and voluntarily, and because I find your plea is

 6    entered knowingly and voluntarily and is supported by an

 7    independent basis in fact containing each of the essential

 8    elements of the offense, I accept your guilty plea and adjudge

 9    you guilty of obstructing a government investigation as

10    charged in the superseding information to which you've just

11    pleaded.

12            Now, the U.S. Probation Office will next prepare a

13    presentence report to assist me in sentencing you.  You'll be

14    interviewed by the probation office.  It's important that the

15    information you give the probation officer be truthful and

16    accurate because the report is important in my decision as to

17    what your sentence will be.  You and your attorney have a right

18    and will have an opportunity to examine the report, challenge

19    or comment upon it, and to speak on your behalf before

20    sentencing.

21            I'm going to set this matter down for sentencing on

22    June 27th at 2 p.m.

23            Are there any further applications at this time?

24            MR. SCHWARTZ:  Your Honor, I have been requested by

25    co-counsel, counsel of record, to put his statement on the

1    record that I think your clerk was alerted of --

2            THE COURT:  Just take the podium.  I'm having a hard

3    time hearing you, Mr. Schwartz.

4            MR. SCHWARTZ:  Yes, your Honor.  Mr. Lehr and

5    Ms. Smith, both of whom are admitted to the bar in Florida, not

6    here, have asked me to say on the record that because of bar

7    rulings in Florida, they have not advised Mr. Cilins with

8    respect to that part of his plea agreement that waives his

9    right to bring a collateral proceeding to attack the plea.

10           And Mr. Cilins, your Honor can assume, has been fully

11   advised by his lawyer, who is a New York lawyer.

12           THE COURT:  Very well.

13           Anything further at this time?

14           MR. KOBRE:  Your Honor, just briefly with respect to

15   the motions, I assume that they're marked off.

16           THE COURT:  Yeah.  I will mark them off.

17           MR. SCHWARTZ:  You can also mark off the trial, your

18   Honor.

19           THE COURT:  I'm going to mark off the trial as well.

20           Anything further at this time?

21           MR. KOBRE:  No, your Honor.

22           THE COURT:  All right.  This matter is concluded.

23   Have a good afternoon.

24           (Adjourned)

25