UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF BENJAMIN STEINMETZ FOR AN ORDER TO TAKE DISCOVERY FROM VALE S.A., VALE AMERICAS INC., RIO TINTO PLC, AND RIO TINTO LIMITED PURSUANT TO 28 U.S.C. § 1782 | Case No.  1:20-MC-00212 (AJN) |

### DECLARATION OF TREVOR ASSERSON IN SUPPORT OF BENJAMIN STEINMETZ'S REPLY TO VALE S.A. AND VALE AMERICAS INC.'S OPPOSITION TO APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Pursuant to 28 U.S.C. § 1746, I, Trevor Asserson, hereby declare and state as follows:

1. I am a citizen of the United Kingdom, residing in the City of Jerusalem, in Israel. I am over the age of 21 years.

2. I am an English solicitor authorised to practice law in England and Wales. I have practiced as a solicitor since qualification in 1984. I obtained my undergraduate degree from Oxford University. I am Founder, Senior Partner, and Head of Dispute Resolution at Asserson Law Offices.

3. I submit this Declaration in support of Benjamin Steinmetz's Reply Memorandum of Law to Respondents Vale S.A. and Vale Americas Inc.'s ("Vale" or "Respondents") Opposition to Applicant Benjamin Steinmetz's Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 pending before the United States District Court for the Southern District of New York, case number 1:20-MC-00212 (AJN).

4. I make this Declaration to address an argument raised by the Respondents in their Opposition Brief, dated 26 June 2020, regarding the timetable and process of disclosure available

in the English proceedings ongoing between these parties captioned CL-2019-000723 (the "English Proceedings"). My firm acts as Counsel to Mr Steinmetz in the English Proceedings and I have discussed the matter with Mr Baruch Baigel, the partner with day to day conduct of the case for the purpose of preparing this Declaration. I do not waive any legal privilege available to Mr Steinmetz.

5. This Declaration is based on my review of these materials and my own personal knowledge. Insofar as the facts are within my own knowledge, the facts and matters set forth herein are, to the best of my own knowledge and belief, true.

### TIMETABLE OF DISCLOSURE FOR THE ENGLISH PROCEEDINGS

6. In the context of submissions regarding the English Proceedings, the Respondents assert that "*[a] case management conference has been schedule for October 2020, discovery will soon commence under the supervision of the High Court, and Steinmetz will have his opportunity to seek discovery from Vale there.*" Opp. Br. at 2, ECF No. 28. It is correct that a Case Management Conference has been scheduled for 22 October 2020, at which hearing the appropriate form and timetable of disclosure will be determined by the English Court. However, it is unlikely that Mr Steinmetz will be able to inspect any documents before January 2021 at the earliest, and inspection could take place some months later in 2021.

7. If, prior to the Case Management Conference, the parties are unable to agree on a proposed order for disclosure, then each party will provide its explanation and position to the Court at the Case Management Conference, including setting out on which matters the parties are agreed, and on which matters they are not agreed. Having heard the parties, the Court will determine the appropriate form of order and give directions for disclosure. The Court may give directions regarding: (i) which repositories of documents need to be searched; (ii) which searches should be

undertaken by each party in respect of each issue in the case; (iii) in what format documents must be disclosed; and (iv) the timetable for disclosure, which can be in tranches or all in one go.

8. Following the Court's determination of the appropriate form of disclosure, the parties will then undertake searches and will proceed to review their own documents which have been returned by the search terms. This process usually takes a number of months in a claim of this nature, particularly considering the retrieval of both electronic and hard copy material. After the searches have been completed and reviewed, each party will usually provide the other side with a list of documents and copies of the documents in the required format. Each party also sets out: (ii) all documents which the party has in its control but which it is not producing, and the grounds for not doing so (usually on grounds of privilege); and (iii) documents which the party once had but no longer has in its control, and the reasons why they are no longer in its control.

9. Based on the factual complexity of this case, the date set for the Case Management Conference, and the procedure for disclosure that is followed in the English courts, I do not expect that Mr. Steinmetz will be able to inspect any documents from Vale before January 2021 at the earliest. Realistically, in a claim of this size and complexity, it is likely that the disclosure process will continue until later in 2021.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 27th day of July, 2020 in Jerusalem, Israel.

*Trevor Asserson*

**Trevor Asserson**